CHARLES M. LININGTON

*v.*

GEORGE H. STRONG *et al.*

CONTRACT—*construed.* Under a contract by the owners of a patent with a manufacturer giving the latter the exclusive right to manufacture and sell the article patented for the term of five years, in which the latter agreed to pay $1.44 on every gross of the article made and sold by him, payable quarterly, and also to pay the owners a royalty on at least 2500 dozen each year, payable quarterly, the owners are entitled to recover on 2500 dozen each year, without averring and showing the making and sale of any of the articles by the defendant.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Strong and Young, the appellees, sued Linington, the appellant, in assumpsit. A *nolle prosequi* was entered as to all the counts of the declaration, except the first. A demurrer to this first count was overruled, and appellant stood by his demurrer. The court assessed the damages at $300, and rendered final judgment therefor.

The first count is based on and sets forth a written contract in these words and figures, to-wit:

"This agreement, made this first day of April, A. D. 1876, between George H. Strong and John Young, of Chicago, Illinois, party of the first part, and C. M. Linington, of the same place, party of the second part, witnesseth: that, whereas, the said first party are the owners of letters patent, granted by the United States to said Strong, for an improvement in pinchers, said letters patent bearing date the 11th day of May, A. D. 1875, and are numbered 136,277; and, whereas, said second party is desirous of controlling, for a time, the manufacture and sale of said invention, as secured by said letters patent: now, therefore, for the consideration hereinafter named, the said party of the first part hereby bargain, sell, grant and guarantee unto the said second party, his heirs and assigns,

the sole, entire and exclusive right and privilege of manufacturing and selling said invention, to-wit, said 'improvement in pinchers,' throughout the United States and the territories thereof, and Canadas, for the period of five years from this date, and in consideration therefor the said party of the second part agrees to pay the party of the first part a royalty of $1.44 for each and every gross of said pinchers made and sold by him during said time, payment to be made at the end of each quarter year at the office of said second party in Chicago; and said second party hereby agrees to keep an accurate book account of the number of said pinchers manufactured and sold by him, and render a true statement therefrom to the said first party at the end of each quarter, such statement of account to be verified by affidavit by the party of the second part; and also agrees to pay the royalty on at least twenty-five hundred dozen of said pinchers each year during the term aforesaid, the same to be paid quarterly at the expiration of each and every quarter, and in default thereof this contract may, at the option of the said party of the first part, be declared null and void."

The count contained no averment that the appellant had ever made or sold any of the pinchers. The suit was commenced more than a year after the making of the contract.

Mr. E. A. SHERBURNE, for the appellant.

Messrs. SMITH & BURGETT, for the appellees.

Mr. JUSTICE BAKER delivered the opinion of the Court:

The only point made in this case is as to the proper construction to be given to the contract set out *in hæc verba* in the first count of the declaration. By said contract, appellant not only agreed to pay a royalty of $1.44 for each and every gross of the pinchers made and sold by him during the period of five years, but also agreed to pay that royalty on at least twenty-five hundred dozen of said pinchers each year during

said term, the payments to be made quarterly, at the end of each and every quarter. By the express terms of the agreement, appellant was to pay, at all· events, the royalty on twenty-five hundred dozen pinchers each year, and that whether he manufactured and sold any of them or not. Appellant having made default in his part of the agreement, appellees had, by the terms of the contract, the election to rescind it, and declare it null and void, or to sue for the money agreed to be paid.

The judgment is affirmed.

*Judgment affirmed.*