E. B. PRESTON

*v.*

C. L. SMITH.

*Filed at Ottawa May 15, 1895.*

1. CONTRACT—*construction—option to cancel or take specified sum.*   An agreement giving the exclusive right to manufacture and sell a patented article upon payment of a specified royalty, the licensee agreeing that the royalty paid shall equal a certain sum per annum, and if not, the agreement can be canceled by the patentee and a new one made, does not confine the patentee to the cancellation of the agreement, but he may recover such specified sum.

2. SAME—*what is not an illegal "option."*   A contract giving the exclusive right to manufacture a patented article upon payment of a specified royalty, is not avoided, as an option contract, by an option to the patentee to cancel it in case the royalties do not amount to a specified sum.

3. ASSUMPSIT—*when recovery may be had on common counts.*   Recovery may be had on the common counts although there was a special agreement, if such agreement has been executed or completely performed.

*Preston* v. *Smith,* 57 Ill. App. 132, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN BARTON PAYNE, Judge, presiding.

This was an action of assumpsit, brought by appellee, against appellant, in the Superior Court of Cook county. The declaration contained the common counts, plea and general issue. The case was submitted to the court for trial without a jury, and judgment was entered against the defendant for $900. This judgment was affirmed by the Appellate Court. An appeal was granted to this court on a certificate of importance.

The action was predicated on the following contract in writing:

"CHICAGO, Ill., *Sept. 11, '91.*

"This agreement entered into between C. L. Smith, of Cleveland, Ohio, and E. B. Preston & Co., of Chicago, Ill. From the date above mentioned the said C. L. Smith agrees to give said E. B. Preston & Co. the exclusive right of manufacturing and selling a certain improved hose attachment and swivel, patented August 20, 1889, patent number 409,512, and that he has not disposed of any right, or portion of right, to any other person previous to this agreement. E. B. Preston agree to furnish C. L. Smith with what his wants may be of this hose attachment, of any size manufactured, at a margin of twenty per cent above cost, said cost to be agreed upon, and he shall retain the right to sell these goods at market price agreed upon between he and said E. B. Preston & Co. It is mutually agreed that E. B. Preston & Co. shall push the sale of this swivel by advertising, exhibiting and soliciting trade by their traveling salesman or other employees; shall keep at all times in stock such quantities as will supply the market for demand, and to use their best efforts to create a large demand and a heavy sale of this article. Said E. B. Preston & Co. further agree that the royalty paid to said C. L. Smith shall equal at least $450 per annum. In case they do not reach this amount this agreement can be canceled by C. L. Smith, and a new one made that will be satisfactory to him. The said E. B. Preston & Co. further agree to

pay C. L. Smith, on or before the 15th of each month following the sales of said hydrant swivel, a royalty of fifty cents per dozen on all three-quarter inch hydrant swivels sold.  If any larger size be manufactured hereafter, a price in royalty will be made that will be satisfactory. Said E. B. Preston & Co. will furnish said C. L. Smith with statements of sales of this swivel, with sales of each size, and E. B. Preston & Co.'s books shall be open to C. L. Smith at any time and all times covering sales of this swivel.

"Signed this eleventh (11th) day of September, 1891.
                                E. B. PRESTON & CO.,
                                        By C. E. JENKINS, *Mgr.*
                                C. L. SMITH."

FLOWER, SMITH & MUSGRAVE, for appellant:

The contract is void, as an option contract, under our statute.  Rev. Stat. sec. 130, chap. 38; *Campion* v. *Smith*, 46 Ill. App. 501; *Locke* v. *Towler*, 41 id. 66; *Kerting* v. *Hilton*, 51 id. 437, and 152 Ill. 658; *Schneider* v. *Turner*, 27 Ill. App. 220, and 130 Ill. 28; *Corcoran* v. *Coal Co.* 37 Ill. App. 577, and 138 Ill. 390.

McGLASSON, BEITLER & MALMIN, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

It is contended by counsel for appellant that the only reasonable construction of the contract is, if the royalties paid C. L. Smith shall not reach $450 per annum, then the agreement can be canceled by him and a new one made which will be satisfactory to him.  Appellant further contends, that if the contract means that he is absolutely bound to pay the plaintiff $450 per annum irrespective of the amount of royalties, and that in case the royalties do not amount to $450 per annum the plaintiff has the option to cancel the contract, then the contract is void, under section 130, chapter 38, of the Revised Statutes of Illinois.

We do not regard either of these positions well taken. The contract is plain, and there is no difficulty in arriving at a proper construction of it. In the first place, Smith agreed to give E. B. Preston & Co., appellant, the exclusive right of manufacturing and selling a certain improved hose attachment and swivel, patented August 20, 1889. For and in consideration of the right granted, the appellant agreed with Smith to pay him, on or before the 15th of each month following the sales of hydrant swivels, a royalty of fifty cents per dozen on all three-quarter swivels sold. E. B. Preston & Co. further agreed that the royalties paid to Smith should equal at least $450 per annum, and in case they should not reach that amount, Smith had the right, if he so desired, to cancel the contract. Under the contract a royalty of fifty cents per dozen on swivels sold was agreed to be paid to Smith on the 15th day of each month following sales, and in the event the sums so paid, at the end of the year, did not amount to $450, a sum sufficient to make that amount should then be paid to Smith. In other words, appellant agreed, in consideration of the right Smith gave him to manufacture and sell goods under his patent, to pay him, at all events, $450 per annum. The fact that Smith had the right of forfeiture in case appellant failed to manufacture and sell a certain amount of goods, released the latter from no obligation under the contract. It was a mere right conferred upon Smith, which he could exercise or decline to exercise, at his pleasure. Under the contract, Preston & Co. were bound to pay Smith $450 per annum, even if they failed to manufacture or sell any goods under the patent. A contract quite similar to this was before the court in *Linington* v. *Strong*, 90 Ill. 556, where it was held the owner of the patent was entitled to recover without proving the making and sale of any articles under the patent by the defendant.

Upon the second point, that the contract is void as an option contract, appellant has cited several decisions of the Appellate Court and of this court ; but while those cases lay down a correct rule of law, they have no application to the contract in question. Under the contract involved, the sale and purchase were both absolute and complete. The right or privilege was not left in the seller to deliver or in the purchaser to accept at a future time. The language of section 130 of chapter 38 of the statute is : "Whoever contracts to have or give to himself or another the option to sell or buy, at a future time, any grain or other commodity, * * * shall be fined," etc., and all contracts made in violation of the section shall be void. A mere reference to the contract shows plainly that it does not fall within the statute. In all the cases where a contract has been held void under the statute, it will be found either the option to deliver the subject of the contract remained in the vendor or the option to accept the article remained with the purchaser. But here there has been an absolute sale by appellee of a right to manufacture and sell a commodity under a patent and a complete acceptance on behalf of appellant, thus fully completing the contract.

It is also claimed that no recovery could be had on the common counts. In Chitty on Pleading (vol. 1, p. 340,) the author says : "Though it is a rule that when there was an express contract the plaintiff cannot resort to an implied one, yet he may, in many cases, recover on the common counts though there was a special agreement, provided it has been executed or completely performed." (See, also, cases cited in note.) Here was an executed agreement completely performed, and under the rule stated by the author we see no reason why a recovery could not be had on the common counts.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*