GEORGE W. PROUTY & another *vs.* UNION HARDWARE COMPANY.

Suffolk.   March 7, 1900. — May 18, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, & LATHROP, JJ.

*Construction of Contract.*

A., who was the holder of a patent, gave B. by contract in writing an exclusive license to manufacture and sell articles under the patent for its full term, except as thereinafter provided. B. agreed, among other things, to pay A. $500, to manufacture and sell articles under the patent and to pay certain royalties. Then came this clause, " The party of the second part (B.) further agrees that, if in any year the royalty above referred to shall not amount to the sum of five hundred dollars, then it will either pay to the said party of the first part (A.), within sixty days of the termination of the year, the sum of five hundred dollars, as liquidated royalty, or will submit to the cancellation of this license at the option of the party of the first part." *Held,* in an action by A. against B. to recover $500 as liquidated royalty, that the contract gave the choice to B. whether he would pay or submit to a cancellation.

CONTRACT to recover $500, as liquidated royalty, under a written contract dated March 1, 1898. Trial in the Superior Court, before *Hardy,* J., who excluded from evidence certain letters written before the execution of the contract and all other testimony offered by either side for the purpose of removing or explaining any supposed ambiguities in the contract, found that, if the excluded evidence were admissible, it confirmed the construction of the contract contended for by the

defendant and found for the defendant. The judge reported the case for the determination of this court. If the finding was right, judgment was to be entered for the defendant; if wrong, judgment was to be entered for the plaintiffs in the sum of $500 with interest. The facts appear in the opinion.

*M. Storey,* (*F. Rogers* with him,) for the plaintiffs.

*W. F. Dana,* (*J. P. Parmenter* with him,) for the defendant.

HOLMES, C. J.   This is an action to recover the sum of $500 alleged to be due under a written contract between the parties. The sum is due if the plaintiffs' construction of the contract is correct, but the judge before whom the case was tried did not adopt that construction, and found for the defendant.

The plaintiffs were holders of a patent relating to skates, and by the contract in question gave the defendant an exclusive license to manufacture and sell skates under the patent for the term of the patent except as thereinafter provided. The defendant agreed, among other things, to pay the plaintiffs $500, to manufacture and sell skates under the patent and to pay certain royalties. Then came the clause on which the question arises. It is as follows : " 3d. The party of the second part further agrees that, if in any year the royalty above referred to shall not amount to the sum of five hundred dollars ($500), then it will either pay to the said party of the first part, within sixty days of the termination of the year, the sum of five hundred dollars ($500), as liquidated royalty, or will submit to the cancellation of this license at the option of the party of the first part."

The plaintiffs' contention is that these words in terms give them the option to demand the money or to cancel the license. Undoubtedly their construction is the first to occur to the mind on reading the words. The option naturally is referred to the only matter which is stated expressly as a matter of choice, namely, the alternative " either " to pay " or " to submit to a cancellation of the license. On the other hand the defendant's construction is possible consistently with the ordinary usages of language hereabouts. This construction is that the words " at the option," etc., qualify " cancellation." A covenant to submit to cancellation at the option of the covenantee is perfectly

intelligible, and none the less so when it is an alternative covenant.

The plaintiffs argue not only that theirs is the most natural construction, and fortified by the consideration that the defendant drew the instrument and is the covenantor in the clause in question, whatever grounds those facts may furnish for reading the words adversely to it, but also that the situation of the parties shows that the plaintiffs' reading is required by justice. If the other interpretation is adopted, they say, then, if the defendant, a manufacturer of many kinds of skates, either from a sinister motive or from indifference, did not see fit to push the plaintiffs' invention, the contract left them with no remedy but to take it back, discredited, for disposition elsewhere, which might be just what the defendant would like. Contracts like that which the plaintiffs say they have made seem to be known to trade.   *Preston* v. *Smith,* 156 Ill. 359.

The argument on the other side seems to us stronger. It is to be assumed that the defendant was and was supposed to be honest when it made the arrangement. It could not tell in advance what would be the success of the invention, and naturally would not take the risk to the extent of covenanting to pay a considerable sum during the whole term of the patent. If after a fair effort to put the invention on the market it realized less than $500 a year in royalties, the most that the patentees could ask would be a choice between accepting the royalties earned or going elsewhere for another trial. The defendant risked all that could be expected when it went to the expense of making a preliminary payment to the plaintiff and of giving the invention a chance to succeed. On the other hand, having gone so far without return, it was reasonable that it should be given the right to keep its license on fair terms. This would be secured by allowing it the choice of paying a sum satisfactory to the other side; and if the plaintiffs received from the defendant a sum equal to the minimum amount of royalties mentioned, it is not reasonable to suppose that they were to be at liberty to end the license if by an accident $10 of the amount did not represent royalties actually earned but were made up by the defendant. It may be added for what it is worth that the structure of the sentence imports that the

primary activity is the defendant's. The sentence does not empower the plaintiffs to demand money or end the license, it binds the defendant to pay or to submit to a cancellation. It is to be noted in this connection that there is no comma after "license." *Joy* v. *St. Louis*, 138 U. S. 1, 32.

A contract very like the one before us was passed upon and construed in the same way in *Wing* v. *Ansonia Clock Co.* 102 N. Y. 531.

As we are of opinion that the defendant's construction of the contract is correct without the aid of the preliminary correspondence, it is unnecessary to consider whether the letters were admissible. The nearest cases which we have seen are *Stoops* v. *Smith*, 100 Mass. 63, 65, 66. *Bank of New Zealand* v. *Simpson*, 82 L. T. (N. S.) 102. *Bruce* v. *Moon*, 57 S. C. 60, 68, 69. We express no opinion whether they are sufficient to warrant the admission of the evidence.

If the choice lay with the defendant, it must be taken to have indicated sufficiently that it did not intend to pay the $500, and that it did submit to a cancellation of the license at the option of the plaintiffs.          *Judgment for the defendant.*