COMMONWEALTH *vs.* GEORGE H. KELLEY.
SAME *vs.* JAMES SUTCLIFFE.

Bristol.    October 22, 1900. — December 3, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Sale of Liquor by Innholder to Guests after Eleven at Night — Statute —
Punctuation as an Aid in Construction.*

Under the statutes of this Commonwealth an innholder cannot legally sell spirituous or intoxicating liquor to his guests between the hours of eleven at night and six in the morning.

Although it has been held that punctuation may be disregarded, it may be resorted to as an aid in construction when it tends to throw light on the meaning.

Two complaints, brought in the Second District Court of Bristol, for keeping and maintaining a common nuisance, to wit, a certain tenement in Fall River used for the illegal sale and keeping of intoxicating liquors, on November 4, 1899, and on divers other days and times between that day and November 14, 1899. At the trial in the Superior Court upon appeal, before *Bell*, J., it appeared that the defendants, who were partners, were licensed innholders, and also held a license of the first class for the sale of intoxicating liquors during the time charged in the complaint, which license contained the provisions of the statutes regarding innholders, and that a sale of intoxicating liquor was made about ten minutes past eleven o'clock in the evening on one of the days covered in the complaint to a customer, who bought food at the same time. Upon cross-examination the defendants testified that, during the time covered in the complaint, other sales of intoxicating liquors had been made to persons resorting to their inn for food after eleven o'clock in the evening.

The judge ruled that a sale of intoxicating liquor, even to a guest of the hotel, one who had applied there for food or lodging, if made after eleven o'clock at night, was a violation of law and of the provisions required to be inserted in the license granted to the defendants, but that one sale would not be sufficient to sustain the complaint of keeping a common nuisance.

To so much of the charge as related to sales to guests after eleven o'clock being a violation of the conditions of their license the defendants excepted.

The jury returned a verdict of guilty in both cases; and the defendants alleged exceptions.

*D. F. Slade*, for the defendants.

*L. LeB. Holmes*, District Attorney, for the Commonwealth.

KNOWLTON, J. The Pub. Sts. c. 100, § 9, cl. 2, provides as one of the conditions of licenses "that no sale of spirituous or intoxicating liquor shall be made between the hours of twelve at night and six in the morning; nor during the Lord's day, except that, if the licensee is also licensed as an innholder, he may supply such liquor to guests who have resorted to his house for food or lodging." By the St. 1885, c. 90, the word "twelve" is changed to "eleven." The only question in this case is whether the excep-

tion permitting innholders to supply guests extends to the hours between eleven at night and six in the morning.

The ordinary rule of construction in a case like this confines the exception to the last antecedent. *Cushing* v. *Worrick,* 9 Gray, 382, 385. See also *Bullard* v. *Chandler,* 149 Mass. 532, 540 ; *Commonwealth* v. *Bralley,* 3 Gray, 456. The purpose of the Legislature seems to have been absolutely to prohibit sales of intoxicating liquor during the late hours of the night, except by apothecaries, and on Sundays to permit the supply of liquor by innholders only to guests who have resorted to the house for food or lodging. Following this interpretation of the law, we believe it generally has been understood that all places where liquor is sold to be drunk on the premises are to be closed at eleven o'clock in the evening, and are to remain closed until six the next morning. If rooms in inns were to remain open for the supply of liquor to guests of the house, it would be easy for licensees to evade the law by keeping their rooms open for sales to others, and thus to promote disorder.

As the act is printed in the Pub. Sts. c. 100, § 9, and in the second supplement of the General Statutes published in 1882, and in the St. 1885, c. 90, there is a semicolon after the word " morning," although when the original act was first published the point used was a comma. If this punctuation is given full effect as an indication of the meaning to be expressed in reading the act, the case is free from question. Although it has been held that punctuation may be disregarded, (*Cushing* v. *Worrick,* 9 Gray, 382, 385,) it may be resorted to as an aid in construction when it tends to throw light on the meaning. *Maney* v. *Providence & Worcester Railroad,* 161 Mass. 283. *Prouty* v. *Union Hardware Co.* 176 Mass. 155, 158. 11 Am. & Eng. Encyc. of Law, 522, n. In the present case, the repeated re-enactments by the Legislature with the same punctuation, and the absolute form of the title of the latest act, tend to support the claim of the Commonwealth. This latest statute is called "An Act to prohibit the sale of spirituous or intoxicating liquors between the hours of eleven at night and six in the morning." St. 1885, c. 90. See *Proprietors of Mills* v. *Randolph,* 157 Mass. 345, 350.

We are of opinion that the exception does not apply to sales made between the hours of eleven at night and six in the morning. *Exceptions overruled.*