[L. A. No. 4132. Department Two.—April 11, 1918.]

## P. W. BRESEE, Appellant, v. R. J. DUNN et al., Respondents.

INJUNCTION—BUILDING RESTRICTIONS—PLEADING—CONCLUSION.—In an action to enjoin the violation of building restrictions contained in a deed by which it was covenanted, "for the benefit of the purchasers of said lot and for the benefit of the purchasers of the remaining lots of said tract . . . that no buildings shall be erected . . . upon the premises hereby conveyed . . . the front line of which shall be less than thirty-five feet from the front line" of the premises; "that no building to be used as a dwelling shall be erected . . .

within five years from the date of this deed which shall cost less
than two thousand five hundred dollars; and that no fence shall
be erected . . . in front of the front line of any building" erected
upon the premises, an allegation in the complaint that at all times
prior to the acquisition of title by defendants "the said building
restrictions upon said lots have been faithfully observed," is a mere
conclusion.

ID.—COVENANTS IMPOSING BUILDING RESTRICTIONS NOT FAVORED—EN-
FORCEMENT BY GRANTEE OF COVENANTEE.—Courts are slow to declare
covenants imposing building restriction burdens on the land, un-
less it appears not only that a general scheme of improvement was
contemplated, but also, if a grantee of the original covenantee seeks
to enforce the restriction, that it is not a mere personal covenant,
but passes with the land.

ID.—DEMURRER TO COMPLAINT—FAILURE TO ALLEGE REVERSION LEFT IN
ORIGINAL COVENANTEE.—Where, as in the instant case, there is
neither direct averment nor quotation from the original conveyances
showing any reversion left in the original covenantee or any penalty
attached to violation of the building restrictions, there is no show-
ing of privity of estate or tenure between the parties, and the
burden of the covenant is solely for the personal benefit of the
covenantee, and a demurrer to the complaint in such case was for
that reason properly sustained.

ID.—COVENANT CONSTRUED—LIMITATION OF TIME.—The two parts of the
covenant, namely that "no building shall be placed less than thirty-
five feet from the front line of the property," and that no fence
shall be erected in front of the front line of any building "within
five years from the date of the deed," being conjunctively attached,
although the two parts of the sentence are separated by a semicolon,
it is a reasonable construction to apply the time limit to both
restrictions.

ID.—PLEADING—CONCLUSION.—Quotations from deeds set forth in the
complaint examined and found not to justify, but to contradict,
the pleaded conclusion that the covenantee was pursuing a general
and uniform plan of establishing a residence district with similar
spaces in front of each dwelling.

APPEAL from a judgment of the Superior Court of Los
Angeles County. Lewis R. Works, Judge.

The facts are stated in the opinion of the court.

Williams, Goudge & Chandler, for Appellant.

James, Smith & McCarthy, and Hammack & Hammack,
for Respondents.

MELVIN, J.—Judgment followed an order sustaining a general demurrer to the amended complaint. From said judgment plaintiff appeals.

The action was one whereby plaintiff sought to enjoin defendants from constructing a house on their property in alleged violation of a certain building restriction. The complaint avers substantially the following facts:

In October, 1901, Prudential Improvement Company, owner of a block of land in the city of Los Angeles, bounded by West Adams, Anita, Normandie and Twenty-seventh Streets, caused said land to be resubdivided and filed for record a plat showing the division thereof into lots, of which there were twenty-one of substantially uniform size. It was and ever since has been (according to the complaint) the intention and plan of the owners that the tract should be occupied only by residences so erected that those fronting on West Adams Street should be not less than thirty-five feet from the front line of the property and those fronting on Normandie and Anita Streets not less than twenty-five feet. It is further alleged that the owner of the property "in conveying the same did so restrict said property by express provisions contained in the respective conveyances of said lots." In November, 1901, Prudential Improvement Company conveyed lot 2, one of the five lots fronting on West Adams Street, to one Kennedy, and it is alleged in the complaint that the deed "for the benefit of the purchaser of said lot and for the benefit of the purchasers of the remaining lots of said tract, and the administrators, executors, heirs and assigns of each of them, and particularly of those lots fronting on West Adams Street, contained the following covenants and restrictions:

" 'That no building or buildings shall be erected, constructed, or placed upon the premises hereby conveyed, the front line of which shall be less than thirty-five (35) feet from the front line of said premises, and that no building to be used as a dwelling-house shall be erected, constructed or placed upon said premises within five years from the date of this deed which shall cost less than twenty-five hundred dollars ($2,500.00) and that no fence shall be erected, placed or constructed in front of the front line of any building erected, constructed or placed upon the said premises.' "

In April, 1909, plaintiff, by mesne conveyances, became the owner in fee of lot 2, has ever since been the owner, and has his residence thereon.

In January, 1907, the Prudential Improvement Company (under a changed name) conveyed lots 3, 4, and 5 (also fronting on West Adams Street) to one Hundley. The deed contained the following conditions, also alleged in the complaint to have been for the benefit of the purchasers of all of the lots:

"This deed is made subject to the following express conditions, to wit: That no building or buildings shall be erected, constructed or placed upon the premises hereby conveyed, the front line of which shall be less than thirty-five (35) feet from the front line of said premises on West Adams street; and that no fence shall be erected, placed or constructed in front of the front line of any building erected, constructed or placed upon the said premises within five years from the date of this deed."

Thereafter by mesne conveyances the defendants, in February, 1914, became the owners in fee of lot 3, which adjoins plaintiff's property, lot 2.

It is further alleged (but without the date being given) that lot 1, fronting on West Adams Street, was sold by the Prudential Improvement Company and conveyed by deed, which was duly recorded, said deed containing restrictions similar to those in the deed to lot 2 which we have quoted above.

When defendants became the owners of the property here involved they had knowledge and notice of the restrictions upon all the lots fronting on West Adams Street.

It is further averred that at all times prior to the date of the acquisition of title by defendants in 1914 "the said building restrictions upon said lots have been faithfully observed" (an allegation which respondents very justly term a mere conclusion).

Defendants were about to construct a building within thirty-five feet of the front line of their property, and plaintiff by this action sought to enjoin them from so doing.

Appellant believes that he has sufficiently pleaded the existence of enforceable covenants entered into with the design of carrying out a general plan for the development of real property subdivided into parcels, and he cites in this behalf

many authorities, such, for example, as *De Gray* v. *Monmouth Beach Club House Co.,* 50 N. J. Eq. 329, [24 Atl. 388]; *Brouwer* v. *Jones,* 23 Barb. (N. Y.). 153; *Korn* v. *Campbell,* 192 N. Y. 490, [127 Am. St. Rep. 925, 37 L. R. A. (N. S.) 1, 85 N. E. 687]; *Allen* v. *City of Detroit,* 167 Mich. 464, [36 L. R. A. (N. S.) 890, 133 N. W. 317.]

Undoubtedly, covenants imposing building restrictions have been frequently upheld, but the courts are slow to declare such burdens upon real property to exist unless it clearly appears from the deeds of conveyance not only that a general scheme of improvement is contemplated, but also if a grantee of the original covenantee seeks to enforce the restriction, that it is not a mere personal covenant but passes with the land. In the pleading now under consideration it does not appear that there was any reversion left in the original covenantee. The complaint shows neither by direct averment nor by quotation from the original conveyances that any penalty attached to disobedience of the building restrictions. It does contain allegations to the effect that the fee passed from the Prudential Improvement Company to the predecessors of plaintiff and defendants in the ownership of lots 2 and 3 and from them by mesne conveyances to these litigants respectively. The rule is that where the fee is passed to the covenantor and no reversion is left in the covenantee, there is no privity of estate or tenure between the parties, and the burden of the covenant, though imposed upon the land conveyed, is solely for the personal benefit of the covenantee, not passing with the realty to his grantee. (*Los Angeles Terminal Land Co.* v. *Muir,* 136 Cal. 36–42, [68 Pac. 308]; *Berryman* v. *Hotel Savoy Co.,* 160 Cal. 559–565, [37 L. R. A. (N. S.) 5, 117 Pac. 677].)

There is nothing in either of the quotations from conveyances set forth in plaintiff's pleading and nothing in the averments of the complaint to take the pleaded restrictions out of the category of purely personal covenants made for the original grantor's benefit. For this reason the demurrer was properly sustained.

Respondents also insist, and we think correctly, that the covenants were intended to and did expire by limitation of time. Inspection of the quoted portion of the deed to respondents' predecessor reveals the fact that it contains the negative covenant that no building shall be placed less than

thirty-five feet from the front line of the property and that no fence shall be erected in front of the front line of any building "within five years from the date" of the deed. It is true that the two parts of the sentence are separated by a semicolon, but they are conjunctively attached, and it is a reasonable construction to apply the time limit as expressed by the words "within five years," etc., to both building restrictions, the one referring to houses as well as that applying to fences. The authorities indicate a tendency on the part of courts to read a restriction expressed in a deed as a whole, disregarding at times even the strict rules of punctuation. For example, the limitation for ten years was held to apply to all restrictions, including that with reference to the building line, in the following covenant in a deed: "That the said grantee or his heirs or assigns shall not for a period of ten years erect on the granted premises any buildings or parts thereof which shall be used or occupied for any other purposes than dwelling-houses, and private stables, and buildings usually appurtenant to dwelling-houses, except the corner lots, which may be used for store purposes, and said dwellings to be occupied by none but respectable families, and that no building, or part of any shall be erected within fifteen feet of the front line of each lot." (*In re Welsh,* 175 Mass. 68, [55 N. E. 1043].)

In *Best* v. *Nagle,* 182 Mass. 495, [65 N. E. 842], a similar ruling was made with reference to the following provision in a conveyance: "That no building except the ordinary outhouses shall be placed upon said lots, or either of them, of less value than four thousand dollars, and all buildings erected thereon, shall set back from the line of the several streets shown on said plan, at least twenty feet, nor shall any building erected on said land be used for a livery stable or tenement house, or for any manufacturing purposes, for the period of ten years." Another instructive case upon this subject is *Armstrong* v. *Griffin,* 83 N. J. Eq. 599, [91 Atl. 1016]; Id., 84 N. J. Eq. 196, [93 Atl. 1084].

The quotations from deeds appearing in the complaint do not justify the pleading that there was a uniform plan for the benefit of all lots fronting on West Adams Street. In the conveyance to appellant's predecessor, made in 1901, three prohibitions are expressed, one against erecting a building within thirty-five feet of the front line of the premises, a

second forbidding the construction of a house costing less than two thousand five hundred dollars, and a third for the prevention of the placing of a fence in front of any building on the property. The phrase, "within five years from the date of this deed," upon the strict grammatical construction for which appellant contends, might be held by reason of its place in the sentence to apply only to the limitation regarding minimum cost of any house, leaving the other two provisions enforceable for all time. Identical provisions were in the deed disposing of the Prudential Company's interest in lot 1. Yet in the deed to lots 3, 4, and 5, made in 1907, while the restriction upon lowest cost of any building is omitted as it would be very properly if a general and uniform plan of improvement were being carried out, the inhibition regarding the erection of a fence in front of any building is followed by the words "within five years from the date of this deed." This absolutely contradicts appellant's pleaded conclusion that the covenantee was pursuing a general and uniform plan of establishing a residence district with similar spaces in front of each dwelling. And it does more than that. It indicates that the grantor was merely seeking to put a personal covenant in each deed terminable as to all its parts after the lapse of five years.

The judgment is affirmed.

Wilbur, J., and Victor E. Shaw, J., *pro tem.*, concurred.