[L. A. No. 6776. In Bank.—August 1, 1922.]

E. B. MAPEL et al., Appellants, v. MARTHA CANADY, Respondent.

[1] DEEDS—RESTRICTIVE COVENANTS—REGISTRATION OF TITLE—EFFECT OF DECREE.—A decree in a proceeding to register title under the Torrens Land Act adjudging the applicant to be the owner of an estate in fee simple in the premises subject to the restrictions contained in a deed of his predecessor that no stores, offices, lodging houses, flats or business buildings should be erected thereon, does not renew, extend or enlarge the application of such limitation so as to make it a covenant running with the land, but merely subjects the title to whatever burdens the deed may have imposed without adding anything to the force or effect thereof.

APPEAL from a judgment of the Superior Court of Los Angeles County. John M. York, Judge. Affirmed.

The facts are stated in the opinion of the court.

Muhleman & Crump for Appellants.

Earle M. Daniels and John F. Keogh for Respondent.

SLOANE, J.—The object of this action was to subject certain real property owned by defendant, Martha Canady, and consisting of a city lot in a residence section of Los

Angeles known as Forest Glen Heights Tract, to certain building restrictions.

The tract of which the lot in question was a part had previously been owned by one E. L. Allen, who subdivided the same with a view to making it a strictly residential section. After such subdivision, Allen, by a deed of grant, bargain and sale, conveyed title in fee to the lot in question, being lot 19 of said tract, to one Jennie A. Mannington. This deed, after the granting clause and description, contained the following clause: "Subject to the following restrictions, no stores, offices, lodging houses, flats or business buildings of any description to be erected, kept or maintained upon said premises, but a residence, same when erected to cost not less than $4000.00, same to be placed at a uniform distance of 50 feet from Forest Ave. property line." No other words of condition, agreement, reservation or covenant relating to the limitation upon improvements to be maintained on the lot were contained in the deed.

Plaintiffs do not demand relief in this action by virtue of the terms of the deed itself. The purported cause of action is based upon proceedings taken by a subsequent owner of the lot, one William Bonine Hubbard, in registering his title under the so-called Torrens Land Act.

In his petition in such proceeding Hubbard alleged his ownership in fee of the lot in question as subject to the restrictive clause as provided in the deed heretofore referred to, and in the decree in such proceeding it was adjudged that Hubbard was the owner of an estate in fee simple in said lot, subject, however, to "conditions, restrictions and reservations in favor of E. L. Allen whose post office address is 333 Grand Ave., Los Angeles, Cal., contained in deed recorded in book 2329, page 244, of deeds" in the office of the recorder of Los Angeles County, this reference being to the deed first referred to from Allen to Mannington. Subsequent conveyances under the Torrens Act vested title to the lot in Martha Canady, the respondent, with the same conditions and restrictions, designated by reference to the same deed.

The plaintiffs in this action allege no facts connecting them with any rights in the premises other than that they hold an assignment of all the rights and interest of Allen,

the original grantor, in and to and under the reservations attempted to be made under said original deed, and that they are owners of other lots in the same tract and contiguous to lot 19.

[1] It is the contention of appellants that in some way the judgment in the Torrens proceeding impressed upon this real property a continuing covenant running with the land that no "stores, lodging houses, flats or business buildings should be erected thereon."

If the judgment purported to do this it might be necessary to consider to what extent jurisdiction under the Torrens law extended in the matter, but such is not the judgment. It does not renew, extend, or enlarge the application of the limitation declared in the deed, but merely subjects the title under consideration to whatever burdens the deed may have imposed. It merely makes the present title subject to the conditions of the deed, but it does not and cannot add anything to the force or effect thereof.

Just as if the title in fee had been registered in Hubbard subject to the lien of a certain designated mortgage such decree would determine the existence and due execution of the instrument referred to but would impose no further or greater lien than the mortgage itself created, and the mortgagor would in nowise be estopped from attacking any infirmities of the mortgage itself.

So in the present case the Torrens judgment establishes the existence of the restrictive clause of this deed and subjects the title to whatever operative force it may have, but the terms of the deed itself continue to be the measure of the rights conferred and the liabilities incurred.

An examination of the deed in this case shows that it was not made or accepted on any condition; that the grantee did not enter into any covenant or agreement restricting his rights in the premises; that no reference is made in the deed to any other lots in the tract, or that such restrictions ran with or were for the benefit of such other lots; or that a general plan or scheme of restrictions was contemplated as to such tract; and there is nothing to indicate that such restrictions were intended to run with the land, or to create a privity of contract or estate with any grantees of the adjoining lots of the tract.

In fact, appellant concedes that the deed in question did not create any covenant running with the land, and can only sustain the action here as supplemented by the judgment in the Torrens Land Act proceeding referred to.

It is held in *Werner* v. *Graham*, 181 Cal. 175 [183 Pac. 949], that the instrument in which such reservation is made must contain all the conditions that made the contract binding, and the opinion in that case is epitomized in the statement of the court that "This whole discussion may be summed up in the simple statement that if the parties desire to create mutual rights in real property of the character of those claimed here they must say so, and must say it in the only place where it can be given legal effect, namely, in the written instruments exchanged between them which constitute the final expression of their understanding."

The most that can be said for the restrictions of this deed is that they created a mere personal right of action in favor of the grantor, which was in nowise extended or enlarged in the subsequent judgment in the Torrens proceeding by registering the title as subject to the provisions contained in this prior deed.

We are of the opinion that the facts stated did not constitute a cause of action.

The judgment is affirmed.

Waste, J., Lawlor, J., Richards, J., *pro tem.*, Shaw, C. J., and Lennon, J., concurred.