[Civ. No. 5805. Second Appellate District, Division One.—June 7, 1928.]

GRACE K. BURT, Respondent, v. FLORENCE M. HELLMAN, Appellant.

Page, Nolan, Rohe & Hurt for Appellant.

Hunsaker, Britt & Cosgrove for Respondent.

YORK, J.—This is an action brought by the owner of land in the immediate vicinity of the defendant's property whereon, it is claimed, certain "violations of the restrictions as to use had occurred." The trial court by its judgment declared certain building restrictions upon the property of

the appellant to be covenants running with the land for the benefit of respondent's property and imposed thereby a permanent injunction against the appellant from maintaining a "certain second residence or dwelling house," and ordered the immediate removal of such building from such property.

The property in question is situated in Beverly Hills, an exclusive residential district west of the city of Los Angeles. Appellant and respondent both own homesites along one of the streets of the tract, known as Hartford Way. Appellant's property lies upon one side of this street and respondent's is approximately opposite on the other side of the street. There is no dispute in the evidence as to the form of the deeds under which the predecessors in interest of both appellant and respondent derived their title.

As we view the dispute between the parties, it is almost identical with the dispute in the case of *Werner* v. *Graham*, 181 Cal. 174 [183 Pac. 945], relied upon by both parties herein, as the same was later explained and defined in the case of *McBride* v. *Freeman*, 191 Cal. 152 [215 Pac. 678].

There is *nothing* in *any* of the *deeds* that directly provides that the restrictions as to use are for the benefit of any of the adjoining or other property owners in the tract. There is, as there was in the case of *McBride* v. *Freeman*, reference to other lots in the tract and as to how they might be used. As a matter of fact appellant obtained permission from the Rodeo Company, the original parties who platted the land and made the conveyances to the predecessors of both respondent and appellant, to build the identical building which was objected to by the respondent herein, before the building of the same was started.

As to whether or not the particular building erected (to wit, a living quarters for a watchman, placed adjacent to the main gateway of the appellant's property, which property was surrounded by a strong and substantial wall and which building is called by the appellant a gate-lodge and by the respondent a second residence or dwelling-house other than a first-class residence), would be an actual violation of the restriction as between the appellant and the original owners of the land of appellant, the finding thereon

by the trial court, answering this question in the affirmative, is supported by the evidence.

Therefore, in reaching a determination of the controversy, this court will determine it only upon the question as to whether or not the plaintiff was entitled to maintain her action against the defendant. It is the opinion of this court that under the evidence introduced and under the pleadings, there was nothing in the deeds themselves to the defendant or any of her grantors that provided or contained language indicating that the restrictions contained therein were intended to be for the benefit of the whole tract. It is said by the supreme court in the case of *McBride* v. *Freeman, supra,* at page 154, as follows: "The question thus presented is stated by appellants as follows: 'Does one grantee who buys his property with the understanding that it is restricted, and in reliance upon the existence of a general plan of improvement for the whole tract of which his lot forms a part, have a right in equity to enforce the restriction against another grantee who takes with full knowledge and notice of the restriction, the covenants being a part of each and every deed to lots in the tract and the deeds showing that a uniform plan must have been in existence?' This precise question was answered adversely to appellants contentions in the case of *Werner* v. *Graham, supra.* Appellants contend that what was there said upon this subject was *dictum,* for the reason that the restrictions there under consideration were cast in the form of a condition, and that what was there decided should be held inapplicable to restrictions, as in the instant case, which are cast in the form of covenants. This contention cannot be sustained. Viewing the restrictions under consideration in the Werner case as conditions, no substantial question was presented by that appeal. The court disposed of that question in the following words: 'If the provisions are in fact conditions and not covenants, the defendants are not entitled to enforce them against the plaintiff, for the reversion clause runs in favor of Marshall (the common grantor), his heirs and assigns and does not include the defendants, since by "assigns" must be meant in this state assignees of the reversion or right of re-entry.' It is well settled that 'in the construction of a conveyance, ordinarily, to avoid forfeiture, conditions will be construed as covenants, when this can

reasonably be done.' (9 Cal. Jur., p. 336, and cases cited.) In recognition of this rule the court then proceeded to consider and decide that case upon the assumption that the restrictions therein, though in form of conditions, were, in fact, covenants, and what was there decided, in that view of the case, can in no sense be regarded as *dictum.*

"Appellants suggest, in effect, that *Werner* v. *Graham* should be overruled, and assert that it is contrary to the great weight of authority from other states. The latter may be conceded, but presents in itself no sufficient reason for a departure at this time from the rules there enunciated. After a careful reconsideration of the questions there involved, we are satisfied with the validity of the conclusions there stated; and with the soundness of the reasoning by which they were reached. The rules there enunciated are rules of property and have stood unchallenged and unquestioned for more than three years. That case has since been cited as authority by this court in *Los Angeles etc. Co.* v. *Marr,* 187 Cal. 126 [200 Pac. 1051], and *Mapel* v. *Canady,* 189 Cal. 373 [208 Pac. 280], and the conclusions there reached were clearly forecasted by previous decisions of this court over a long period of years. In *Los Angeles etc Co.* v. *Muir,* 136 Cal. 36, 50 [68 Pac. 308, 313], the court said: 'In the absence of any words *in the deed* to this effect, or any *reference to a plan* showing a general scheme of improvement, the grantees took their estate without any notice, express or constructive, that the restriction was intended for the benefit of the adjoining estate.' "

In the instant case the only parties who could enforce the restriction as to use have acquiesced in the construction of the building complained of. They may or may not have considered the same as one of the outbuildings referred to in the deed to the appellant, but it does not concern this court. The only question we can determine is whether or not the respondent was entitled under the evidence to the judgment referred to herein, and under the authority of the cases herein cited we are of the opinion that the respondent was not entitled to such judgment, or to maintain this action.

The judgment is therefore reversed.

Conrey, P. J., and Houser, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on July 6, 1928, and the following opinion then rendered thereon:

THE COURT.—In the petition for a rehearing the statement is made that the court inadvertently overlooked a contention of petitioner which petitioner says is supported by the case of *Gamble* v. *Fierman,* 82 Cal. App. 180 [255 Pac. 269]. As a matter of fact, this court was well aware that in the deed involved in the case of *Gamble* v. *Fierman,* the following was part thereof: "The restrictions and conditions contained in this deed shall be covenants *running with the land* and shall operate for the *benefit of* and may be enforced by the *seller or the owner of any lot in said tract 'Vista Del Oro.'* " Although the language used in this petition for a rehearing may be construed, if it is not carefully read, to contain a statement that in the deed in question in the case at bar there was some similar provision as was in the deeds in the case of *Gamble* v. *Fierman,* as a matter of fact there is in the case at bar no reference to any other lot within the tract or how it may be used, excepting only paragraph 6 of the restriction, which merely and only provides as to certain other lots in the tract "provided further that. nothing herein contained shall be construed as in any manner prohibiting or preventing the party of the first part from constructing upon lots 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11 and 21 of block 75 of said Beverly Hills, or of causing to be constructed thereon, or of selling said property for the purpose of having constructed thereon a hotel, nor as prohibiting or preventing the person or persons managing and operating said hotel from dispensing liquors with meals to the *bona fide* guests of the hotel."

There is nothing in the language used in *Gamble* v. *Fierman, supra,* which in any way conflicts with the decision now on file herein. In the case of *McBride* v. *Freeman,* 191 Cal. 152 [215 Pac. 678], there was in the deed a reference to other lots in the tract and how they might be used. Among other restrictions in the deed in that case was the following: "Subject to following building restrictions; no offices, stores, flats, lodging or apartment or any business building of any description to be erected, kept or maintained on said property, but a residence, same when erected to cost

not less than three thousand ($3,000) dollars on lots 48, 49, 50, 51, 52, 53 and south 30 feet of lot 47; to cost not less than thirty five hundred ($3,500) dollars on lot 44 and north 15 feet of lot 43; to cost not less than four thousand ($4,000) dollars on north 90 feet of lot 47; and all to be placed at a uniform distance of forty-two and one-half feet from front property line on Willard Avenue." There was in the complaint in the case of *McBride* v. *Freeman* an allegation that all of the lots in the tract had been sold or were being offered for sale in accordance with a general plan or scheme, and all subject to the restrictions and conditions, and that said restrictions were imposed and said general plan or scheme adopted for the general benefit of all lots in said tract, and that the respective lots owned by plaintiffs, and each of them, and the lots owned by defendants, and therein described, and the other lots in said tract sold and conveyed as set out, were each and all conveyed by a common grantor, to wit, by one E. L. Allen, and subject to the restrictions and conditions set out and pursuant to and in accordance with a general plan or scheme for the improvement of said tract and the several groups of lots as shown on the map referred to in the respective deeds. There was in the complaint in the case of *McBride* v. *Freeman* also an allegation that "prior to on or about February 25, 1919, plaintiffs or their respective predecessors in interest, in reliance upon said general plan or scheme as hereinbefore alleged, and in reliance upon the restrictions and conditions imposed upon and limiting the use of said lots in the said Minalita Tract, and in particular those lots hereinbefore enumerated, purchased their respective lots and erected and completed the erection in each instance of a first-class private residence in compliance with said restrictions and conditions, and each of plaintiffs ever since the said date hereinbefore in paragraph 3 alleged has maintained his said residence so erected and each is still maintained and occupied by plaintiffs respectively and their respective families as a private residence." Upon the trial of that case in the superior court (as shown by the recitals in the judgment), objection was made to the introduction of any evidence in support of the complaint, which objection was sustained, and judgment was thereupon ordered in favor of the defendants. Affirming that judgment, the supreme

court held that the complaint had failed to state a cause of action.

It was considered by this court when the main opinion was written that paragraph 6 in the deeds in evidence (referred to in this application for a rehearing), which referred to the fact that the grantors reserved the right to either use or deed for use certain lots in the tract for a hotel site, and on which they might provide for the sale of liquor, did not in any way on its face purport to provide that all deeds issued in the tract other than as to those particular lots enumerated in such paragraph 6 would have any particular form or kind or character of restriction. We could not read into it anything of the kind. We did not say that the restrictions were identical, but merely that the dispute was *almost identical* with the disputes in the case of *McBride* v. *Freeman* and the case of *Werner* v. *Graham*, 181 Cal. 174 [183 Pac. 945]. We considered that the nature of the dispute was best shown by the briefs and transcript in *McBride* v. *Freeman,* which were read by the writer of the opinion in this case before the opinion was prepared.

This court meant to hold that there is nothing in any of the deeds shown in evidence in this matter which would entitle the plaintiff to maintain the cause of action brought herein, and we so hold upon the authority of the case of *McBride* v. *Freeman* and the case of *Werner* v. *Graham.* We purposely avoided any reference to the decision in the case of *Gamble* v. *Fierman, supra,* which was discussed on oral argument, as we found that in that case the deeds involved contained a *direct* and *positive* statement that the restrictions should operate for the benefit of and be enforced by any *owner of any lot in the said tract.* As was said in the case of *Gamble* v. *Fierman, supra,* ''As already noted, the first question to be considered is whether or not the foregoing language in the deed to defendants' grantor, construed in the light of the surrounding circumstances, contains expressions from which may be inferred any intent on the part of the parties thereto to create the equitable easement sought to be invoked in this action. In the Werner and McBride cases cited above and in the case of *Berryman* v. *Hotel Savoy Co.,* 160 Cal. 559 [37 L. R. A. (N. S.) 5, 117 Pac. 677], and in *Bressee* v. *Dunn,* 178 Cal. 96 [172 Pac. 387], the deed relied upon contained no language,

express or implied, referring to any general plan or scheme of building improvement, and contained no language showing that it was the intent of the parties to the deed that the restrictions in the deed should be for the benefit of the subsequent owners or holders of all the lots in a defined or designated tract of land subdivided into residence lots.''

An examination of all of the restrictions contained in the deeds before the court in the instant case discloses the fact that there is nothing in any language used that indicates the intention of the grantor and grantees that the restrictions were intended to be for the benefit of all the lots in the tract. If the deed in the instant case contained the language apparently claimed in the petition for a rehearing, we would certainly have had to discuss the case of *Gamble* v. *Fierman, supra,* but we find no language used in the deeds themselves which provides or which contains anything indicating in any manner that the restrictions contained therein were intended to be for the benefit of all the owners of lots in the whole tract. A reservation of a right in a grantor to use a certain lot or lots in a certain manner does not in itself indicate that he is granting the right to every owner of lots in the tract to enjoin any use of any other property in any particular manner. Such reservation may be only an attempt of the grantor to save himself blameless from any action in damages or otherwise for any damage that might be sustained by any person by reason of the use to which the grantor reserves the right to put any property in the tract, either by himself or his grantees.

The petition for a rehearing is, therefore, denied.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 6, 1928.

All the Justices present concurred.