ROWBOTHAM, Respondent, v. JACKSON, et al, Appellant

(5 N. W.2d 36.)

(File No. 8511. Opinion filed August 3, 1942.)

**John P. Everett,** of Sturgis, and **Williams & Sweet,** of Rapid City, for Appellant.

**C. M. Parsons,** of Bison, for Respondent.

WARREN, J.   Plaintiff, E. M. Rowbotham, brought this action to restrain and enjoin the defendants from placing or erecting a certain wooden building upon Lot 11 of Block 7, original plat of Bison, Perkins County, South Dakota.

Geo. H. Carr was the original owner of the townsite of Bison, South Dakota.   He platted certain land into blocks and lots.   Only Lots 11 and 12 of Block 7, original town of Bison are concerned in this action.   Said lots face north on Main Street and are contiguous.   Lot 12 being the corner lot in the northwest corner of the block, Lot 11 the adjoining inside lot.

Carr, sometime after platting the townsite, constructed and erected a frame or wooden building on Lot 12.   In November, 1924, he and his wife conveyed by a warranty deed (Exhibit A), Lot 11 to one John A. Jackson, one of the defendants herein.   This deed was prepared and executed upon what is known as the state standard form.   It contained a certain clause which reads as follows:

"This deed is executed and delivered by Grantors to Grantee with the following stipulations as to any building erected or moved on to said lot understood to be an essential part of same; Building must be constructed with walls of Brick, cement, or hollow tile, with no doors, windows, nor other openings in either the east or west walls, and side walls must extend at least eighteen inches above the roof of same; if these restrictions be in any way violated, or not fully complied with in the event of any building being placed on said lot, then all right and title shall revert to the grantors without process of law; and these stipulations shall extend and be obligatory upon the heirs, executors, administrators and assigns of the Grantee."

December 7, 1928, Carr and his wife conveyed by warranty deed, state standard form, the adjoining Lot 12, which contained a frame or wooden building, to W. H. Rowbotham. This deed contained among other things the following recital: "The grantors also convey and transfer to the said W. H. Rowbotham certain rights, reserved to said grantor, under the building restriction on Lot Numbered Eleven of Block Numbered Seven, original plat of Bison, South Dakota."

Thereafter W. H. Rowbotham conveyed by warranty deed, state standard form, Lot 12 to Eugene M. Rowbotham. This deed contained the following recital: "The Grantors also convey and transfer to the said Eugene M. Rowbotham certain rights reserved to the said Grantor, under the building restriction on Lot Number Eleven of Block Number Seven, Original Plat of Bison, South Dakota."

The Carrs never at any time attempted to re-enter or recover Lot 11. This lot since the transfer to Jackson has remained vacant and unoccupied. Geo. H. Carr died, leaving as his only heirs, the widow, Anna V. Carr and three children. These heirs quitclaimed all of their interest in Lot 11, Block 7, Town of Bison, by separate quitclaim deeds to appellant, John A. Jackson. The quitclaim deeds contained the following release clause: "And releasing and making null and void the reverting clause in Warranty

Deed to John A. Jackson recorded in Book 99, of Deeds, page 627."

The defendants threatened to move a wooden school house building in from the country and place it upon Lot 11. The building was of frame construction and had many windows on both sides and did not comply in any manner with the sort of building described in the stipulation of the deed from Carr to Jackson.

A certain stipulation was entered into by the parties and in addition to the exhibits and written evidence some oral evidence was submitted to the court but no record was made of the oral evidence. Upon the conclusion of the trial the court made findings in favor of the plaintiff, thereafter conclusions and a judgment. The judgment perpetually restrained and enjoined the defendants from building, erecting and moving on to Lot 11 any other building than as described in the complaint. Defendant Jackson has appealed.

■ The ultimate question involved seems to be, Did the respondent when he commenced his action own or hold any interest in appellant's Lot 11 of Block 7, Town of Bison, which would permit him to maintain the action for an injunction? We are concerned with the language called "stipulation" in the deed from Carr and his wife to Jackson. Did it create any covenant running with the land for the direct benefit of Lot 12 or any part of it? It must be conceded that the warranty deed conveyed an estate in fee simple. The language used can at most be interpreted as a revertible right to the grantors only. The language relied upon by the respondent in this deed is closely stated and it does not refer to any property whatsoever except Lot 11 of Block 7 and the terms used are specific and the remedy in the failure to comply with the terms are clearly stated as follows:

"If these restrictions be in any way violated, or not fully complied with in the event of any building being placed on said lot, then all right and title shall revert to the grantors without process of law;".

It will be observed that in case of a violation of the

terms and restrictions that the right and title shall revert to the grantors. No further provision has been made and there is absolutely nothing in the evidence to indicate that this provision was made for the benefit or for the protection of the adjoining contiguous property, Lot 12. We are unable to say that this provision is tied up with the title to the property.

The reverter language used in the deed from Carr and his wife to appellant Jackson pertains to Lot 11 and for and during the lifetime of the grantors. It does not purport to be made for the benefit of any other person. This reverter clause runs to them personally, and not to their assigns. The language used seems to import a definite cut-off with the grantors. It seems to partake of the nature of a condition subsequent and not in the nature of a covenant. The words used seem to create that distinction. In Rooks Creek Evangelical Lutheran Church v. First Lutheran Church of Pontiac, 290 Ill. 133, 124 N. E. 793, 195, 7 A. L. R. 1422, 1428, the court made the following distinction:

"It has been held that a covenant or condition may be created by the same words. The chief distinction between a condition subsequent and a covenant pertains to the remedy in the event of a breach, which in the former subjects the estate to a forfeiture and in the latter is merely a 'ground for recovery of damages. Whether a clause shall be construed to be a condition subsequent or of covenant must depend upon the contract or circumstances and the intention of the party creating the estate. 12 Corpus Juris, 411. According to the weight of authority, a clause only operates as a condition when it is apparent, from the whole scope of the instrument, that it was intended so to operate, or, in other words, there is no technical rule, but the courts are bound in each case to ascertain the intent and give the instrument effect accordingly."

It seems apparent from the record that the burden created by the language in the deed to Lot 11 only could exist during the lifetime of the grantors or until released by them, however, it is not in the nature of an easement or a servitude which could in any manner attach to Lot 12. SDC

51.0601 and 51.0602. City of Huron v. Wilcox, 17 S. D. 625, 98 N. W. 88, 106 Am. St. Rep. 788.

That the respondent could personally have acquired any rights of control over Lot 11 by virtue of the clause contained in the deed from Carr and his wife to W. H. Rowbotham and the deed from Rowbotham to the respondent is highly inconsistent with the restriction clause by Carr and wife in Exhibit A which is exclusive and only for the benefit of Carr and his wife, the grantors in the deed to Jackson. It will be remembered that no mention is made of Lot 12 directly or impliedly in the grant and that such condition was made for the benefit of any subsequent owner, and further, it does not contain any expressed covenant, stipulation or agreement in reference to Lot 12. It would therefore seem that the restrictions were not intended to run with the land. Werner v. Graham, 181 Cal. 174, 183 P. 945. See Berryman v. Hotel Savoy Company, 160 Cal. 559, 117 P. 677, 37 L. R. A., N. S., 5, also note at page 13; Bresee v. Dunn, 178 Cal. 96, 172 P. 387.

"An examination of the deed in this case shows that it was not made or accepted on any condition; that the grantee did not enter into any covenant or agreement restricting his rights in the premises, that no reference is made in the deed to any other lots in the tract, or that such restrictions ran with or were for the benefit of such other lots, or that a general plan or scheme of restrictions was contemplated as to such tract; and there is nothing to indicate that such restrictions were intended to run with the land, or to create a privity of contract or estate with any grantees of the adjoining lots of the tract." Mapel et al. v. Canady, 189 Cal. 373, 208 P. 280, 281.

■ Under our statute SDC 51.1301, we do not believe that this mere possibility of interest such as contained in Exhibit A could be transferred by permission of our statute which reads: "A mere right of reentry, or of repossession for breach of a condition subsequent, cannot be transferred to any one except the owner of the property affected thereby."

The restrictions contained in the deed provide what course may be pursued in case of violation, to-wit: "All right and title shall revert to the grantors without process of law." This language, we construe to fall within the above statutory language to "reentry or of repossession" and therefore the attempted assignment to the respondent of the reservations concerning buildings contained in Exhibit A is not permitted under our laws. The respondent obtained no interest or right by the transfer from the Carrs as there was no assignable interest created by the terms in Exhibit A that could be assigned by the grantors.

The judgment appealed from is reversed.

RUDOLPH, P.J., and POLLEY and SMITH, JJ., concur.
ROBERTS, J., concurs in result.