MARY A. WELSH, petitioner.

Suffolk.    March 21, 1899. — January 3, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Court of Registration — Report before Entry of Decree — Statute — Deed — Restriction.*

Under St. 1899, c. 131, § 2, the Court of Registration may report a case for the consideration of this court, although no order or decree has been entered, if the case is ripe for judgment or decree, and the report shows that a decree would be entered if it were not for the question of law, and provides for a decree when the doubt upon that question is resolved.

A deed contained the restrictions, "that the said grantee or his heirs or assigns shall not for a period of ten years erect on the granted premises any buildings or parts thereof which shall be used or occupied for any other purposes than dwelling-houses, and private stables, and buildings usually appurtenant to dwelling-houses, except the corner-lots, which may be used for store purposes, and said dwellings to be occupied by none but respectable families, and that no building, or part of any shall be erected within fifteen feet of the front line of each lot, and that no dwelling-house shall be erected thereon to cost less than " a sum named.    *Held*, that the words " for a period of ten years " governed the entire clause.

PETITION, for a registered title under the land registration act, St. 1898, c. 562. At the hearing before the Court of Registration the following facts were found.

The premises as to which a registered title is sought are a

certain parcel of land situated between Edson Street, formerly called Prospect Avenue, and Milton Avenue in that part of Boston called Dorchester.

The petitioner claims title under two several deeds from Benjamin P. Cunningham to G. A. Durham, dated September 16, 1871, and recorded. Each deed contained the following clause:

"Subject to the following restrictions, viz.: that the said grantee or his heirs or assigns shall not for a period of ten years erect on the granted premises any buildings or parts thereof which shall be used or occupied for any other purposes than dwelling-houses, and private stables, and buildings usually appurtenant to dwelling-houses, except the corner lots, which may be used for store purposes, and said dwellings to be occupied by none but respectable families, and that no building, or part of any shall be erected within fifteen feet of the front line of each lot, and that no dwelling-house shall be erected thereon to cost less than " a sum named.

Cunningham acquired title in 1870 to an entire tract including these two lots, shown on a plan annexed to the report, caused the plan to be recorded in the registry of deeds, and sold off the lots shown thereon to different persons by deeds containing the same restrictions as above set forth. These restrictions constituted a general plan for the benefit of the entire tract.

The title, except for the above restrictions, and subject to certain other matters not material to this report, is suitable for registration.

It was contended by an examiner on behalf of the Commonwealth that the restriction that "no building or part of any shall be erected within fifteen feet of the front line of each lot" is still in force.

The court ruled as matter of law that the words "for a period of ten years" governed the entire clause in regard to restrictions, and that none of the restrictions are now in force as to the premises; but, inasmuch as error of law in this ruling might expose the Commonwealth to numerous suits for damages under the provisions of the land registration act, reported the case for the consideration of this court.

If the ruling was right, a decree for registration was to be entered without mention of the restrictions; otherwise, any decree for registration should be made subject to the restrictions, so far as the same might be determined to be in force.

*C. H. Swan, Jr.*, for the petitioner.

HOLMES, C. J.   A doubt has been felt by some members of this court whether this report, which discloses only a ruling of law and no order or decree, is within the authority conferred upon the Court of Registration by the statutes.   St. 1898, c. 562, § 14.   St. 1899, c. 131, § 2.   The former section provided that " every order, decision, and decree " of the Court of Registration should be subject to appeal.   The latter adds that the Court of Registration " after any decision or decree dependent upon the determination of questions of law may report such decision or decree for the consideration of " this court.   The argument is that " decision " in the earlier section meant something that could be appealed from, that is, a formal order or decree upon the record, and that it must mean the same thing in the amendment.   But it seems to most of us that this is taking the words in somewhat too strict a sense.   It seems to us enough if the case is ripe for judgment or decree and the report shows that a decree would be entered were it not for the question of law, and provides for a decree when the doubt upon that question is resolved.   Under such circumstances the actual entry of the decree before sending the case up is a pure form.   See *Commonwealth* v. *Teevens*, 141 Mass. 577.   We agree that what we have pronounced sufficient is the least that will do, and that a question cannot be reported when it does not appear that an order or decree will follow the decision as a consequence.

My brethren are of opinion that the ruling of the court should be sustained.   Had the decision rested with me alone I probably should have ruled the other way, upon the ground that grammatically the limitation " for a period of ten years " comes between the words " shall not " and " erect," and qualifies only a distinct restriction.   But it seems to them that the structure of the whole paragraph is too confused for the argument from grammar to be of much force; that it is rather to be inferred, looking at the restrictions all together, that the time limitation was intended to apply throughout; that at least the words are so doubt-

ful that they should be taken most strongly against the grantor; and that the construction adopted is helped by the consideration that the other one would make the petitioner's lot almost useless.

*Decree accordingly.*