### LEWIS B. BEST *vs.* RICHARD A. NAGLE.

Suffolk.   December 12, 1902. — January 8, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Easement,* Equitable restriction.

A deed of land contained the following restrictions: " That no building except the ordinary outhouses shall be placed upon said lots, or either of them, of less value than four thousand dollars, and all buildings erected thereon, shall set back from the line of the several streets shown on said plan, at least twenty feet, nor shall any building erected on said land be used for a livery stable or tenement house, or for any manufacturing purposes, for the period of ten years." *Held,* that the limitation of ten years applied to all the restrictions, and was not confined to manufacturing purposes, its nearest antecedent.

BILL IN EQUITY, filed October 27, 1902, to restrain the defendant from erecting a building within five feet of Hartwell Street and four feet of Cheney Street in Boston, in violation of a restriction in a certain deed dated July 23, 1879, requiring all buildings to be set back at least twenty feet from the lines of those streets, to which the defendant's land was alleged to be subject.

A single justice of this court made a decree dismissing the bill with costs.   The plaintiff appealed.

*J. W. Keith,* for the plaintiff.

*L. J. Cavanaugh & C. G. Morgan,* for the defendant, submitted a brief.

BARKER, J.   All the restrictions are imposed by a single sentence: " That no building except the ordinary outhouses shall be placed upon said lots, or either of them, of less value than four thousand dollars, and all buildings erected thereon, shall set back from the line of the several streets shown on said plan, at least twenty feet, nor shall any building erected on said land be used for a livery stable or tenement house, or for any manufacturing purposes, for the period of ten years."   As the whole deed is not before us, we assume that there is nothing in the other parts of it which would affect the meaning of this sentence.   The agreed facts are not of matters which have a necessarily controlling bearing upon the precise question, which

is whether the closing words " for the period of ten years " govern the whole restrictive clause. Probably it may be a fact that all the parties to the deeds which contained restrictive clauses couched in the same words thought that the best use to which the lots into which the whole tract was divided could then be put was for sites for detached dwellings of considerable cost. Yet if the grammatical rule which ordinarily refers a qualifying word or phrase to its nearest antecedent should be applied with absolute strictness, it is clear that after the expiration of ten years the whole or any part of the tract could be used for manufacturing purposes. With this use permitted after ten years, the further continuance of the other restrictions would detract from the convenience of the land as a site for manufacturing establishments, and tend to impair rather than to enhance the value of the lots included in the scheme. The rule fully stated is, " *Ad proximum antecedentem fiat relatio, nisi impediatur sententia,*" and it does not apply where it would lead to an absurd result. So far as punctuation goes, the words in question are separated by a comma from everything which goes before, and no punctuation marks except commas are found in the sentence. The argument from the position of the words is not of sufficient force to control the meaning of the sentence read as a whole and in connection with the general purpose of the deed. See *Welsh, petitioner,* 175 Mass. 68; *Commonwealth* v. *Kelley,* 177 Mass. 221, and cases cited.

*Decree affirmed.*