R. H. EDNEY AND WIFE, EVELYN E. EDNEY, v. HAYWOOD POWERS.

(Filed 20 September, 1944.)

**1. Deeds § 16—**

> While the owner of real estate has the right to restrict the use of the property by covenants and agreements in his conveyance thereof, the universal interpretation of such restrictions has been in favor of the free and untrammeled use of the property and against any restriction upon the use thereof, and any doubt arising or ambiguity appearing will be resolved against the validity of the restriction.

**2. Deeds §§ 16, 17—**

> Restrictions in a deed to real estate for a term of 21 years, against its, use for other than residential purposes and also against subdivision or sale to certain persons, are void after the expiration of the time stated, even though denominated covenants running with the land.

APPEAL by defendant from *Pless, J.,* at July Term, 1944, of BUNCOMBE.

This is a civil action wherein the plaintiffs filed complaint alleging that the defendant entered into a contract with them whereby the defendant agreed to purchase of the plaintiffs for an agreed amount certain lots of land, namely: Lots Nos. 10, 11, and 12 of Block "F" of E. W. Grove's Kimberly lands, plat of which is recorded in Plat Book 3, at page 16, office of Register of Deeds for Buncombe County, and that notwithstanding deed had been tendered by the plaintiffs to the defendant for said land, the defendant had failed to carry out the terms of said contract by declining to accept said deed tendered to him by the plaintiffs and refusing to pay to the plaintiffs the balance of the purchase price agreed upon, and prayed the court to enforce specific performance of said contract.

The defendant filed answer wherein he admitted he had declined to accept the deed tendered to him by the plaintiffs and refused to pay the balance of the purchase price named in the contract, alleging that a free and clear title could not be given by the plaintiffs to the lands described in the contract for the reason that said lands were impressed and encumbered by certain restrictions contained in the deeds constituting the chain of title of the plaintiffs.

The plaintiffs filed reply alleging that the restrictions referred to in the answer had expired by the limitation of time contained therein.

After the pleadings were filed, and prior to the trial, it was stipulated that the case should be heard by the court as a controversy without action upon an agreed statement of the facts.

The court rendered judgment to the effect that upon tender to him by the plaintiffs of a duly executed deed for the land involved the defendant should accept such deed and pay to the plaintiffs the balance of the purchase price agreed upon. To this judgment the defendant in apt time objected and preserved exception and appealed to the Supreme Court.

*Harkins, Van Winkle & Walton for plaintiffs, appellees.*
*John C. Cheeseborough for defendant, appellant.*

SCHENCK, J. According to the agreed statement of facts, E. W. Grove and his wife, on 12 December, 1922, executed and delivered to the predecessors in interest of the plaintiffs deeds for the lands involved in this action, which said deeds were duly registered in the office of the Register of Deeds for Buncombe County on 13 January, 1923. The contract between the plaintiffs and defendant sought to be specifically performed in this action was entered into 3 April, 1944. More than 21 years elapsed between the execution of the said deeds by Grove and his wife to the predecessors in interest of the plaintiffs and the execution of said contract between the plaintiffs and the defendant, and between the execution of said deeds and the institution of this action.

The deeds from E. W. Grove and his wife to Mary L. Bush, a predecessor in title to the plaintiffs, each contained, *inter alia,* as to the lands thereby conveyed, the following restrictions: "Shall not, during the term of 21 years be used for any purpose other than the construction and maintenance of private residences thereon . . . and further, shall not, during the term of 21 years from date hereof, subdivide, sell, or convey all or any part or parcel of said lot, less than the whole thereof . . . and will not during said term, lease, sell or convey said land, or any part thereof, or any building thereon, to a negro or person of any degree of negro blood, or any person of bad character."

The question posed by this appeal simply involves a construction of the provisions in the deeds from Grove and his wife to the predecessors in interest of the plaintiffs.

It is the contention of the plaintiffs that the provisions placing certain restrictions upon the use of the lands conveyed, contained in the deeds from Grove and his wife executed in December, 1922, had expired by the limitation of time (21 years) therein contained when the contract involved in this action was entered into in April, 1944, and were at such time null and void.

It is the contention of the defendant that the provisions in the deeds from Grove and his wife prevent the defendant's having assurance that he is free to use said property as he desires; more especially that provision which reads: "That the foregoing covenants shall be covenants running with the land and shall be kept by the party of the second part, her heirs and assigns forever"; that if the provisions and restrictions are covenants running with the land they are binding upon the plaintiffs, and would be binding upon the defendant if he accepted deed from the plaintiffs. While the owner of real estate has the unquestionable right to restrict the use of the property by covenants and agreements in his conveyances thereof, the universal interpretation of the courts of such restrictions in deeds has been in favor of the free and untrammeled use of the property and against any restriction upon the use thereof, and that any doubt arising or ambiguity appearing will be resolved against the validity of the restriction upon and in favor of the extended use of the property. As was said in the case of *Underwood v. Herman* (N. J.), 89 Atl. Rep., 21: "It is well settled that in cases where the right of a complainant to relief by the enforcement of a restrictive covenant is doubtful, 'to doubt is to deny' . . . courts of equity do not aid one man to restrict another in the uses to which he may put his land, unless the right to such aid is clear."

"Inventions and new wants reflect themselves in the uses of land, and it is for the best interest of the public that the free and unrestricted use shall be enjoyed, unless such use is restricted in a reasonable manner consistent with the public welfare. The construction of deeds containing such restrictions or prohibitions as to the use of lands by the grantees, in the case of doubt, as a general rule, ought to be strict and in favor of a free use of such property and not to extend such restrictions." *Davis v. Robinson,* 189 N. C., 589, 127 S. E., 697.

The law apposite to the interpretation of the restrictions here presented is clearly summarized, with citations of authorities, in 26 C. J. S., at page 567, as follows: "When there is substantial and reasonable doubt concerning whether a restriction is perpetual or of limited duration, the doubt will be construed against one claiming perpetual restriction; and

such words as 'at any time,' 'ever,' 'never,' and 'forever,' appearing in restrictions most give way to a particular specification of their duration."

Twenty-one years having expired between the time E. W. Grove and his wife delivered their deeds, containing the restrictions under consideration, to the predecessors in interest of the plaintiffs and the execution of the contract between the plaintiffs and the defendant to sell and purchase and the institution of this action, the restrictions in said deeds had become inoperative by the lapse of time, and his Honor was correct in holding that the defendant should carry out and perform the terms of said contract and that upon tender to him, the defendant, by the plaintiffs of a duly executed deed for the lots of land described in the contract, he should accept the same and pay to the plaintiffs the balance of the purchase price contracted.

The judgment of the Superior Court is
Affirmed.