FERGUSON et al. v. ZION EVANGEL-
ICAL LUTHERAN CHURCH OF
OKLAHOMA CITY.

No. 33146.   March 9, 1948.

*190 P. 2d 1019.*

Butler & Rinehart, of Oklahoma City, for plaintiffs in error.

Monnet, Hayes & Brown, of Oklahoma City, for defendant in error.

DAVISON, V.C.J. Plaintiffs, by this action, seek to enjoin the defendant from constructing a church on the southeast corner of the intersection of Harvey avenue and Northwest 15th street in Oklahoma City. The parties appear herein in the same order as in the trial court.

In 1900, the then owners of a 40-acre tract of land, platted and dedicated the same as Classen's Highland Parked addition to Oklahoma City, the same being bounded on the south by 13th street; on the north by 16th street; on the east by Robinson avenue; and on the west by Walker avenue. The following reservation was contained in the dedication and plat:

" . . . The following reservations as shown by the plat. First: All owners are required to face their dwellings on all lots facing north and south on lots facing south on streets running East or West. Second: Houses must be built on a uniform line 30 ft. from the front

of said lots and 20 ft. from the east line of the respective lots, said space to be used for lawn and park purposes only. All sidewalks to be built out 8 feet from the block line, when several contiguous lots are conveyed by parties of first part to one purchaser, said parcel so conveyed shall be deemed but one lot. . . ''

The entire property was conveyed to the Classen Co., by whom it was deeded in separate parcels to individual owners. The deeds executed by said Classen Co., and particularly those given to the predecessors in title of the parties to this action, contained identical restrictions, as follows:

"That whereas, The party of the first part, being the owner of fee of a tract of land in the City of Oklahoma, caused it to be subdivided into lots, under the name of 'Classen's Highland Parked Addition' to Oklahoma City, and caused a plat of said subdivision to be duly recorded in the Recorder's Office of the City of Oklahoma, Oklahoma, in Plat Book No. 2, Pages Nos. 9.

"And whereas, said party of the first part having spent large sums of money in improvements designed to make said 'Classen's Highland Parked Addition', to Oklahoma City suitable and desirable for purposes of residence, and has in order that said subdivision may remain a residence exclusively, imposed upon each lot in said subdivision, for the benefit of every other lot therein, conditions and restrictions in the use thereof, which so far as applicable to the lots thereby conveyed, are hereinafter set forth.

"And whereas, the easement thus created and made appurtenant to each lot is an inducement to the party of the second part to make the purchase evidenced by this deed. . . .

"To Have and To Hold . . .

"Provided, nevertheless, that the conveyance hereby made is subject to these reservations, easements, restrictions, covenants and conditions, that shall remain in full force and effect for twenty-five years from the date of their deed, that is to say:

"1. The building line of the lots hereby conveyed shall be thirty feet from the block or lot line and parallel with 14th and 15th Streets, as shown on said plat; and no building or any part or portion thereof shall, at any time, be erected or placed upon the space between said building line and said streets, nor shall any projection of such building, of whatever character, be permitted to extend into or encroach upon the said space, except that the steps and platform in front of the main door may extend over said building line not to exceed eight feet.

"2. But one building shall be erected or placed upon each lot, and such buildings shall never be used or occupied for any purpose except for that of private residence exclusively; nor shall any part or portion thereof ever be used or occupied except solely as a residence; nor shall said lots or any part thereof, be used or occupied for a trade or business of any kind whatever.

"3. As appurtenance to the residence and to be used only in connection with it, an outhouse, stable, or other subsidiary building may be erected on the lots hereby conveyed.

"4. No building shall be erected on the lots hereby conveyed, the walls of which shall be nearer than 20 feet to the east lines of each lot; said twenty feet shall be used for drive or entrance and park and lawn purposes.

"5. No building, the actual cost of which is less than five thousand ($5,000.00) dollars, shall be erected on Lots One (1) Three (3), Four (4), and Seven (7) in Block Two (2); Lot Four (4) in Block Three (3); and no building, the actual cost of which is less than ten thousand ($10,000.00) dollars, shall be erected on Lot Two (2) Block Five (5).

"And the said party of the second part accepts this conveyance subject to the easements, restrictions, and conditions above set forth, and for itself, its successors, and assigns, covenants to and with the party of the first part, its successors, and assigns, that the said party of the second part will, and that its successors and assigns shall for-

ever faithfully observe and perform said several restrictions and conditions, and each of them. And if the said party of the second part, or any persons claiming under it, shall at any time, violate or attempt to violate, or shall omit to perform or observe any one of the foregoing restrictions and conditions, it shall be lawful for any person or persons owning a lot in 'Classen's Highland Parked Addition', which is subject to the same restriction or condition in respect to which the default is made, to institute and prosecute appropriate proceeding at law in equity for the wrong done or attempted."

The deed to defendant's remote grantor, containing the above restrictions, was executed April 16, 1914.

The addition was a tract of land extending three blocks east and west, and three blocks north and south, containing nine platted blocks. Defendant purchased, in 1942, a vacant tract of land 140 feet by 200 feet comprising two lots lying in the northwest corner of the east center block of the addition. The erection of a church on this site had been planned and steps taken in furtherance thereof when this suit was instituted by plaintiffs, who were the owners of various lots in the addition, lying generally across the street north and across the street west from defendant's lots.

It was plaintiffs' position that the addition was an exclusive residential district and, in reliance thereon, they had improved their lots with expensive private residences. That the restrictions contained in the deeds, and particularly that deed to defendant's predecessor, were known to defendant before it acquired its property and that the same were part of a general scheme for the benefit of all owners of lots in the addition. That by reason thereof, defendant was prohibited from using its property in the manner contemplated.

Defendant contended that any restrictions contained in the deed expired by their own terms in 1939, 25 years after its execution. That in the past few years there had been built in the addition a church, funeral home, hospital, antique shop, rooming houses, an automobile sales and service establishment and other enterprises, without objection on the part of plaintiffs, and that the neighborhood was not exclusively residential nor was it restricted or treated as such. That plaintiffs have abandoned and waived their right and are now estopped to insist upon the restrictions. That the plat does not so restrict the district and any restrictions whatever are contained in the deeds and have expired.

The record is voluminous, but, when analyzed, consists entirely of the deraignment of title of the various owners, pictures of the residences of plaintiffs, pictures of the buildings in the addition devoted to uses other than residence, a picture of the lots owned by defendant, and testimony with reference to the action of the city authorities in designating certain south portions of the addition as a business zone.

The trial court denied the application for injunction, from which action plaintiffs have appealed.

Plaintiffs rely upon the rule stated in the case of O'Neal et al. v. Vose et al., 193 Okla. 451, 145 P. 2d 411, and cases therein cited to the effect that:

"Covenants restraining the use of real property, although not favored, will nevertheless be enforced by the courts, where the intention of the parties is clear in their creation, and the restrictions or limitations are confined within reasonable bounds. In construing such covenants, effect is to be given to the intention of the parties as shown by the language of the instrument, considered in connection with the circumstances surrounding the transaction and the object had in view by the parties."

That was a case involving a contract of restriction made in 1911, between the owners of all of Colcord Heights addition, consisting of one block in this same Classen's Highland Parked addi-

tion, which had not theretofore been restricted by deed, and the owners of other lots in Classen's Highland Parked addition which were restricted by the same deed provisions as heretofore quoted in full in this opinion. The question involved was whether or not the contract of 1911, restricting Colcord Heights addition exclusively to residential purposes in the **same manner** as Classen's Highland Parked addition was restricted, meant by inference, "for twenty-five years from the date of their deed." There was no necessity in that case of determining the meaning of this last-quoted phrase. In eliminating it from consideration, the opinion states:

"This court does not agree that the restrictions in Classen's Highland Parked addition was limited to twenty-five years, nor that the words 'in the same manner' found in the 1911 agreement had any reference to time."

Any language in that opinion implying an interpretation of the restrictive covenants applicable to the instant case, which is in conflict with the views herein expressed, is disapproved and overruled.

In the early case of Test Oil Co. v. La Tourette, 19 Okla. 214, 91 P. 1025, this court adopted the generally accepted rule of law applicable to the construction of restrictive covenants. Therein it is said:

". . . It is contrary to the well-recognized business policy of the country to tie up real estate where the fee is conveyed with restrictions and prohibitions as to its use, and hence, in the construction of deeds containing restrictions and prohibitions as to the use of property by the grantee, all doubts should, as a general rule, be resolved in favor of a free use of property, and against restrictions. . . ."

To the same effect is the case of Cooke v. Kinkead, 179 Okla. 147, 64 P. 2d 682, wherein the following language, particularly applicable here, was quoted from a former opinion:

" 'Where the agreement between parties is reduced to writing and mu-

tually signed, and where the consideration agreed upon is expressed in unequivocal language which is free from ambiguity, the obligee in the contract is estopped to insist upon a strained and unnatural construction of the language used in order to import a consideration more favorable to himself than that plainly expressed in the contract.' Golden v. Golden, Adm'x, 155 Okla. 10, 8 P. 2d 42, 45."

A restrictive provision identical to the one involved herein was the basis of the case of Gardner v. Maffitt, 335 Mo. 959, 74 S.W. 2d 604. In that case the Missouri court said:

"Of course, if the duration fixed is applicable, such words as 'at any time', 'ever', 'never', and 'forever' appearing in the restrictions must give way to the particular specification of their duration. Dooley v. Greening, 201 Mo. 343, 354, 100 S. W. 43; Easterbrook et al. v. Hebrew Ladies' Orphan Society, 85 Conn. 289, 296, 82 A. 561, 41 L.R.A. (N.S.) 615; 18 C.J. p. 268, sec. 227."

We believe that that opinion was based upon sound reasoning and the conclusions reached were correct. No reasonable construction of the 25 year limitation provision can otherwise be placed on it. Certainly the parties intended it as a part of their contract and just as certainly did they intend to limit duration of the restrictions, written as subdivisions thereunder.

With this interpretation of the original deeds, it becomes unnecessary to consider any alleged change in character of the district involved.

The judgment is affirmed.