PASQUALE H. CRUCIANO and VIRGINIA PAULINE CRUCIANO, his wife, Plaintiffs,

*vs.*

JAMES V. CECCARONE and EMILY CECCARONE, his wife, Defendants.

*New Castle, July 11, 1957.*

C. W. Berl, Jr., and *Hugh Corroon,* of Berl, Potter & Anderson, Wilmington, for plaintiffs.

*James P. Collins,* of Healy & Collins, Wilmington, for defendants.

SEITZ, Chancellor: Plaintiffs seek a mandatory injunction compelling the defendants to remove a structure erected by defendants on the dividing line between their common front porch. For convenience I shall call the structure a "wall". The cinder block wall is 5 feet in length, $3\frac{1}{2}$ inches thick and 8 feet, 3 inches in height. It extends out from their party wall.

Plaintiffs seek relief upon either of the following grounds:

(a) the wall violates existing restrictions, or

(b) the wall is a spite fence.

The defendants contend that the wall is not contrary to the restrictions relied upon by plaintiffs. In the alternative, they say that the restrictions, if applicable, expired before defendants erected the wall. Finally, defendants deny that the wall is a spite fence.

After the filing of certain affidavits, the defendants moved for summary judgment of dismissal and this is the decision thereon.

I first consider whether the so-called wall is covered by the restrictions relied upon by plaintiffs.

The paragraph of restrictions generally involved reads as follows:

"And the said Grantees by the acceptance of this deed for themselves, their heirs and assigns, hereby covenant with the said Grantors, their heirs, grantees and assigns, that they will not extend, nor will they cause or permit to be extended, from their present locations for a period of ten years from January 1, 1925, the front of the buildings now erected and used and restricted for residential purposes; And that they shall not keep on said premises any live stock or poultry, except household pets; that they shall not or will not erect or cause to be erected any private garage on said premises, except such one-story garages as are constructed of brick or of stucco finish and that the same be placed on or near the rear property line; that no fences shall be built in front or in the rear of the house on said lot, except iron fences or hedge fences, which shall not exceed four feet in height; that said premises or any part thereof shall not be sold, leased, or conveyed to any person or persons not of the Caucasian Race."

Plaintiffs contend that the wall erected on the dividing line of the front porches is a prohibited "fence" within the meaning of that portion of the restrictions which provides, "that no fences shall be built in the front or rear of the house on said lot * * *". Defendants argue that the "fence" covenant does not prevent defendants "from erecting and maintaining a side wall on their porch". They argue, in effect, that the structure involved is not a fence within the meaning of the restrictions.

Defendants commence their argument by pointing out that common and ordinary words used in such covenants are given their ordinary meaning if that is possible. *Monigle v. Darlington,* 32 *Del. Ch.* 137, 81 *A.2d* 129. But concededly, "wall" is included in the definition of a "fence". See *Webster's New International Dictionary,* 2d Ed., unabridged. Consequently, to describe the wall erected by the defendants as a fence within the meaning of the covenant would be to give the word one of its ordinary meanings. As the pictures

attach to the affidavits and the affidavits themselves indicate, the structure is functionally more of a solid fence than a wall in a supporting sense. Under the circumstances of this case, to call the structure a side wall on the porch is to honor verbiage at the expense of the realities. For purposes of applying the restrictions, the structure is not a side wall.

I conclude that the use of the word "fences" covers the structure in question [1] unless, as defendants argue, the fence was not built in front of defendants' house, and thus was not subject to the restrictions. As I understand defendants' argument it is that the wall is a part of the dwelling and is therefore not covered by the language of the restriction which prohibits the building of fences "in front of the house".

The facts on this point are not in dispute and the situation is clear. This so-called wall is nothing more nor less than a cinder block structure extending forward from the party wall so as to admittedly block off the defendants' porch from the plaintiffs' porch. It performs no supporting function so far as appears and was inspired largely by a desire to "black out" plaintiffs' porch from defendants for reasons of personal convenience. Tested by the realities of life it may not be considered a portion of the house or porch or an extension thereof for purposes of applying the restrictions.

I find no such doubt as to the covenant's meaning as would render applicable the canon of construction recognized in *Gibson v. Main*, 14 *Del.Ch*. 449, 129 *A*. 259, which in effect resolves a doubt against the applicability of a restriction. The restriction is applicable to fences in front of the house and this means anywhere in front of the main structure of the house. Certainly, such a conclusion is in keeping with the apparent purpose of such a restriction. So viewed the structure erected by defendants is covered by the restrictions.

Defendants next argue that the specific 1945 expiration date in the quoted set of restrictions applies to the "fence" restriction.

1. Although the pleadings put in issue the proper characterization of the structure involved, I assume that the parties agreed that the Court should be guided by the pictures in reaching its conclusion. If this was not a correct assumption, counsel should so advise the Court.

They say that all the restrictions must be read together to ascertain the proper meaning of the restrictions in the quoted paragraph. I think it does not here help to solve the problem by referring to other paragraphs of the deed. It seems clear to me that the expiration date of ten years from January 1, 1925, is applicable only to the restriction governing extensions of the fronts of the residential buildings. And I do not believe the structure involved is an extension of the front. The position of the provision in the paragraph as well as the capitalization lead me to believe that the time limitation was made applicable only to the specific restrictions involved. The fact that the form is apparently printed also tends to show that the limitation of time provisions was deliberately limited to the restriction dealing with extensions of the fronts of the buildings.

I conclude that the restriction concerning fences was not covered by the fixed expiration date found in another portion of the paragraph.

Finally, defendants argue that even if the covenant was applicable at one time, it expired within a reasonable time after its imposition.

Defendants' argument goes like this: since the restriction has no stated expiration date, it expires within a reasonable period; it has been 29 years since it was imposed; as a matter of law 29 years is more than a reasonable time and so the covenant is no longer in force.

Plaintiffs agree that the "reasonable time" rule may be applied in a proper case. However, they say that the passage of time alone is no defense to the enforcement of the restrictions. They contend that the authorities make it clear that in determining whether or not a reasonable time has elapsed, the Court will consider whether the circumstances have so changed as to substantially obviate the purpose of the restriction, citing, *inter alia,* 5 *Restatement of Property,* § 564; *Alliegro v. Home Owners of Edgewood Hills,* 35 *Del.Ch.* 543, 122 *A.2d* 910. While there may be some division of authority (see 14 *Am.Jur., Covenants,* etc., § 205), I agree with the authorities holding in effect that mere lapse of time is not a sufficient basis to justify the conclusion that the restrictions are no longer enforceable. In such cases I agree with the words of the Maryland Court, that:

"* * * it will be implied that some reasonable limitation adapted to the nature of the case was intended, and the restriction will be construed as extending for no longer period of time than the nature of the circumstances and the purposes of the imposition indicate as reasonable for the duration of its enforcement without undue prejudice to the property rights acquired by the grantee and his successors in title." *Norris v. Williams,* 189 Md. 73, 54 *A.2d* 331, 333, 4 *A.L.R.2d* 1106.

Defendants show no more than mere lapse of time. This is not sufficient. They also point out that the explicit time limitation restriction dealing with changes in the fronts of the buildings has long since expired. They say that since such a major change could be made, there seems to be no logical reason for sustaining the fence covenant, a restriction of much lesser magnitude. The answer must be that we are dealing with the enforceability of the fence restriction. Its beneficial purpose is not necessarily lost because changes could be made in the front of the house. Moreover, no front change has been shown.

Since defendants have failed to show on the present record that the restriction relied upon by plaintiffs is no longer enforceable, it follows that defendants' motion for a summary judgment dismissing the complaint must be denied.

In view of my conclusions it is not now necessary to pass upon plaintiffs' alternative contention that a spite fence is involved.

Present order on notice.