18573

DONALD E. BALTZ, INC., Respondent, v. R. V. CHANDLER & CO., Inc., Appellant

(151 S. E. (2d) 441)

*Messrs. Abrams, Bowen & Townes,* of Greenville, *for Appellant,*

*W. W. Wilkins, Esq.,* of Greenville, *for Respondent,*

November 14, 1966.

BRAILSFORD, Justice.

Sunset Heights is a residential development in Greenville County in which single family residences ranging in cost from $19,000.00 to $25,000.00 have been constructed on approximately one-half of the lots. The lots are subject to restrictive covenants, including the following:

"1. No lot shall be used except for residential purposes. * * * 3. No trailer * * * shall at any time be used as a residence temporarily or permanently, * * *8. This property shall be used for single family residences only, provided however, any lots may be used for the construction of a community club house and swimming pool or building or buildings for education or religious purposes."

For convenience, we disregard the corporate existence of plaintiff and defendant and refer to them, respectively, as Donald E. Baltz or Baltz, and R. V. Chandler or Chandler. In 1961, Chandler, through an intermediary, purchased lot 18 on Vesper Circle from Baltz. He and his wife own a forty acre tract of land contiguous to this lot on the northwest and Chandler, by his own admission, purchased this lot for the purpose of opening a street connecting this tract with Vesper Circle, a street wholly within Sunset Heights. The construction of the street was undertaken by Chandler in December of 1964 and this action to enforce the restrictive covenants was commenced by Baltz, who is the developer of the subdivision, and owns most of the vacant lots. The action was referred to the master for Greenville County, who found that this use of the lot violated the restrictions and recommended an injunction. Chandler has appealed from an order of the circuit court affirming the report, ordering that the street or roadway be closed and enjoining its use.

Lot 18 fronts aproximately ninety feet on Vesper Circle and is aproximately two hundred feet deep. Chandler's son and daughter-in-law reside in a house trailer on the Chandler

property behind this lot. The area is wooded and a fifty foot right-of-way has been cleared through the middle of the lot. The roadway has been cut and graded to a width of thirty feet and gravel has been applied to it. When the action was commenced, this roadway was being extended some three-fourths of a mile across Chandler's land to his residence from which there is access to Taylor Street by means of a drive or road some seven hundred feet long. The effect of the completed project would be to connect Vesper Circle and Taylor Street by a roadway across lot 18 and the Chandler property. The lot is not useable as a homesite with the roadway through the middle of it.

Chandler testified that his plans for the development of the property are indefinite and uncertain; that they will not mature until his three unmarried children, the oldest being sixteen years of age, have been given the opportunity to select homesites. He testified, that the present use of lot 18 is "(s)imply a road or street or drive for my son to get to his trailer." In other words, that it is being used only as a private driveway which is incidental to his son's occupancy of the trailer as a residence.

Counsel for Chandler contend that the present use of the property is for a permitted residential purpose, is not a violation of the restrictive covenants and should not have been enjoined. They further contend that the possibility of a future use of the property as a road or street is remote and speculative and that an injunction against such possible use is premature and improvident.

It is a general rule "that restrictions as to the use of real estate should be strictly construed and all doubts resolved in favor of free use of the property; such covenants, however, should not be construed so as to defeat the plain and obvious purpose of the contractual instrument. *McDonald v. Welborn*, 220 S. C. 10, 66 S. E. (2d) 327; *Maxwell v. Smith*, 228 S. C. 182, 89 S. E. (2d) 280." *Cothran v. Stroman*, 246 S. C. 42, 44, 142 S. E.

(2d) 368. Where the language imposing restrictions upon the use of property is unambiguous, the covenant will be enforced according to its obvious meaning. In such cases there is no room for construction and the rule requiring a strict construction is without relevance. 20 Am. Jur. (2d), Covenants, Conditions, etc., Section 185.

No precedent has been found in this jurisdiction on similar facts and Chandler cites and relies upon *Bove v. Giebel*, 169 Ohio St. 325, 159 N. E. (2d) 425. In this case, the defendants owned a six acre tract adjoining a subdivision and they proposed to use a twenty-five foot strip across a subdivision lot as a private drive for the occupants of two residences to be constructed on the six acre tract. The lot was restricted to use for residence purposes only and an injunction against the use of a portion of it as a driveway to property outside the subdivision was sought. The defendants offered to impose the same restrictions on the use of the six acre tract as those which prevailed in the subdivision. The court denied the injunction stating:

"As to property in a subdivision, that is restricted to use for residence purposes only, there have been decisions preventing its use as a means of ingress to and egress from property outside the subdivision that is not restricted to the same extent as the property within the subdivision. * * * However, we have found no cases involving a situation such as presented by the instant case where the property outside the subdivision will be restricted by its owners to the same extent as that within the subdivision. Hence, our conclusion is that the owners of a lot in a subdivision which lot is restricted to use 'for residence purposes only,' may use such lot as a means of ingress to and egress from adjoining land that they own outside the subdivision if they impose upon such outside land the same restrictions that are applicable to lots within the subdivision."

The court also pointed out that the use of the driveway would be for residence purposes only and that the covenant did not restrict the use of the property to residence purposes

within the subdivision only, concluding: "If it had been the intention of those who prepared these restrictions to require use not merely 'for residence purposes only' but 'for residence purposes in the subdivision only,' it is apparent that they did not express such an intention." In the light of this leg of the decision, Chandler urges that *Bove* is a "compelling precedent" for the conclusion that the use of lot 18 as a private driveway to a single family residence situated on adjoining property is not a violation of the restrictions on the lot. We do not so regard it.

When covenants 1 and 8, *supra,* are read together, as they must be, we find that the permitted residential use to which the property *shall* be put is as the site of a single family residence, and, of course, such other use as may be incidental to the occupation of the residence as a habitation. The covenants in *Bove* simply did not require that the lot *shall* be used for a single family residence as the only permitted residential use. Another significant distinction is apparent upon the face of the foregoing quotation from *Bove*. Here, the Chandler property is unrestricted and the residential use to which it is claimed the use of lot 18 is incidental is nonconforming; hence, is not a residential use within the meaning of the covenants.

It has frequently been pointed out that cases involving restrictive covenants present such wide differences in circumstances that, in the main, each case must be decided on its own facts. Annotation: Restrictive Covenants—Ways, 25 A. L. R. (2d) 904, 905. We have carefully examined all of the authorities cited by counsel and find that none is persuasive on the facts with which we deal.

The point is too clear to warrant an extended exposition. The existence of the drive or roadway is not incidental to residential use within the meaning of the restrictions. Instead, it is incompatible with the only conforming use to which the property may be put, to wit: a single family resi-

dence. Under Chandler's plan, the primary, even exclusive, use of lot 18 is for a roadway. This use may not be equated to the use of part of a residential lot as a driveway, which is an incidental, residential use.

The claim that the injunction against the use of the roadway as a street is premature is without merit.

The series of events from the acquisition of the property, the testimony as to Chandler's purpose, the breadth of the clearing and type of construction, under existing circumstances, make Chandler's intention to open a street abundantly clear. The restrictive covenants are not being asserted against a public body charged with opening and maintaining streets or highways, or accepting the dedication of such ways, and the effectiveness of the restrictions against such a body is not at issue. See Annotation, *supra,* 25 A. L. R. (2d) 904, 914.

Affirmed.

Moss, C. J., Lewis and Bussey, JJ., and Lionel K. Legge, Acting Associate Justice, concur.