Jay Dee KINDLER and Janet Sue Kindler,
husband and wife, Appellants
(Plaintiffs below),

v.

Oscar V. ANDERSON, H. Waldemar Ander-
son, George Dewey Anderson, and Clarence
P. Anderson, the known heirs of Augustus
W. Anderson and Hannah Anderson, hus-
band and wife, and all unknown heirs, dev-
isees, assigns, and creditors of Augustus
W. Anderson and Hannah Anderson, hus-
band and wife, Appellees (Defendants be-
low).

No. 3620.

Supreme Court of Wyoming.

Nov. 13, 1967.

LaVoy O. Taylor, Kemmerer, for appellants.

Harry L. Harris, Evanston, for appellees.

Before HARNSBERGER, C. J., and GRAY, McINTYRE, and PARKER, JJ.

Mr. Justice GRAY delivered the opinion of the court.

Plaintiffs, as owners of Lots 12 and 13 in Block 2 of Hillcrest Park Addition to the Town of Evanston, Wyoming, commenced an action in the nature of a quiet title suit primarily to remove the restriction placed upon the property by the original grantors prohibiting the use of the premises for the sale of intoxicating liquors. The trial court denied the relief sought and plaintiffs appeal.

The case was presented below upon an agreed statement of facts. Briefly stated the facts pertinent to this appeal establish that on or before September 16, 1919, the original grantors as the owners of a vacant tract of land adjacent to the Town of Evanston, Wyoming, caused the said tract to be subdivided into town lots and blocks and duly filed of record a plat thereof, naming it Hillcrest Park Addition. No restrictive covenants accompanied the filing of the plat, but the deeds conveying the property here in question contained certain restrictive conditions—hereinafter more specifically set forth—with a right of reversion in the grantors, their heirs, successors, or assigns for conditions broken. In addition to the foregoing deeds conveyances were made by the original grantors of several lots now owned by some 23 persons which contained the conditions mentioned above, and while the agreed facts submitted to the trial court are not entirely clear, we note that no mention is made of the omission of the conditions in conveyances of the remaining property in the addition, so it may be assumed that all conveyances by the original grantors were made subject to the conditions.

While the portion of the deed containing the restrictions is somewhat lengthy, it seems desirable to set it forth verbatim, noting that for later convenience we have inserted in brackets a number for each of the four restrictions therein contained. It reads:

"To have and to hold the said herein granted lands and premises and all thereof upon the following express conditions, namely, that the said Grantees and each of them in accepting this deed covenant and agree with the said Grantors that neither the said Grantees or either of them nor any person claiming or to claim under them or either of them shall at any time within fifteen years from the date hereof [1] erect or cause to be erected any dwelling house building upon said lot unless said dwelling house building, exclusive of outbuildings, shall be of the reasonable worth and value of Twenty hundred dollars, [2] nor shall any such dwelling house building be erected within twenty feet of the front lot line of the lot whereon erected, [3] and neither said grantees nor any person claiming under them shall at any time sell, rent or otherwise dispose of said lands and premises or any part thereof to any person of Negro or Asiatic blood or descent, [4] and neither said grantees nor any person claiming under them shall at any time use, occupy or possess the said lands and premises or any part thereof for the purpose of selling intoxicating liquors thereon nor shall any such intoxicating liquor be sold thereon or on any part thereof by any person whatever, * * *" (As indicated above, the numbers in brackets have been supplied.)

It was also agreed that the lots here involved are adjacent to U. S. Highway 30

South and that "there are other commercial buildings in a westerly direction from said lots and there is a business operating on the lots immediately to the east thereof," and except for the foregoing all other lots in the said addition are presently being used and occupied "for residential, county hospital, or church purposes only."

By the stipulation the parties also submitted for determination of the trial court the following ultimate questions:

"a. Were the restrictions, and each of them, set forth in Exhibits A and B attached to plaintiffs' complaint intended to be in effect for a period of fifteen years only from the date of the execution of each instrument.

"b. Have the restrictions, and each of them, set forth in Exhibits A and B attached to plaintiffs' complaint been cancelled because of a change in the character of the neighborhood in which the lots in question are situated.

"c. Can plaintiffs' estate in lots 12 and 13 in Block 2 of the Hillcrest Park Addition to the Town of Evanston, Wyoming, be divested by their failure to observe any or all of the restrictions and conditions set forth in Exhibits A and B attached to plaintiffs' complaint and if so, which conditions or restrictions if violated, would authorize defendants or their successors in interest to terminate plaintiffs' estate therein."

The trial court determined that restrictions [1] and [2] had terminated by reason of the time limitation specified in the deed; that restriction [3] was contrary to public policy and unenforceable and declared to be invalid; and that restriction [4] relating to intoxicating liquor was not limited in duration for the period of 15 years and was still effective. Judgment was entered accordingly.

As might be anticipated, the plaintiffs insist that the time limitation stated in the deed clearly applied to all of the restrictions, but contend further that in the event it is held that the time limitation did not apply to each and every restriction then restriction [4] has become inoperative because of a change in the neighborhood. Appellee, of course, contends to the contrary.

■ For convenience we first take up the arguments made with respect to plaintiffs' latter contention. As we view it, the effect of the trial court's ruling on this ultimate question was to hold that the contention was not substantiated by the facts stipulated, and with this we agree. Much more is involved than simply showing the presence in a residential neighborhood of a hospital, a church, and a few commercial properties. Those facts, standing alone, do not affect the validity of the restriction. Hevia v. Palm Terrace Fruit Company, Fla.App., 119 So.2d 795, 799. It is true, of course, that under certain circumstances it may be inequitable to enforce the restrictions (see 20 Am.Jur.2d, Covenants, Conditions, and Restrictions, §§ 281, 282, pp. 842–849), but if plaintiffs were to prevail under the doctrine of "change of neighborhood" it was incumbent upon them to develop the circumstances that would warrant its application.

Thus the pivotal question for determination here is whether or not the time limitation applies to all or only a part of the said restrictions. In this connection we point out that although the agreed statement recites that some 23 persons owning and using premises in the addition for residential purposes would intervene and resist plaintiffs' action, they did not do so and consequently their rights, if any, to enforce the restrictions are not before us. We are here dealing with the rights of the defendants to enforce what the parties agree are conditions subsequent.

■■ Conditions subsequent are not favored in the law and are to be strictly construed. J. M. Carey & Brother v. City of Casper, 66 Wyo. 437, 213 P.2d 263, 268. Of course, conditions, like any other provision of a contract, are to be interpreted as the parties must have understood the conditions at the time. The true intention of the parties will control and that is to be ascertained from the language used in the writing as a whole, looking if necessary at the

situation of the parties, the subject matter, and the purpose to be served. Pacific-Wyoming Oil Co. v. Carter Oil Co., 31 Wyo. 314, 226 P. 193, 197, rehearing denied 31 Wyo. 452, 228 P. 284.

█ In addition to the foregoing general principles of interpretation there are supplemental rules of construction directly applicable to the nature of the restrictive conditions before us. Restrictions upon the use of land, being in derogation of the common law, are not favored, are to be strictly construed, will not be extended by implication, and in case of doubt the restrictions will be construed in favor of the free use of the land. Wahrendorff v. Moore, Fla., 93 So.2d 720, 724; Naiman v. Bilodeau, Me., 225 A.2d 758, 759; Gardner v. Maffitt, 335 Mo. 959, 74 S.W.2d 604, 607, 95 A.L.R. 452; Edney v. Powers, 224 N.C. 441, 31 S.E.2d 372, 374; Latchis v. John, 117 Vt. 110, 85 A. 2d 575, 577, 32 A.L.R.2d 1203; 20 Am.Jur. 2d, Covenants, Conditions, and Restrictions, § 187, pp. 755, 756. Nevertheless, if the language imposing the restrictions is clear and unambiguous the rule of strict construction does not apply. Reetz v. Ellis, 279 Ala. 453, 186 So.2d 915, 918; Donald E. Baltz, Inc. v. R. V. Chandler & Co., 248 S.C. 484, 151 S.E.2d 441, 443.

By way of general observation concerning the whole of the portion of the deed setting forth the restrictions, it will be noted that it is an elongated sentence, punctuated only by commas. All restrictions are conjunctively attached. All are preceded by the introductory language of the sentence which, after elimination of immaterial words, reads: "To have and to hold the said herein granted lands and premises and all thereof upon the following express conditions, namely, * * * that neither the said Grantees or * * * any person claiming * * * under them * * * shall at any time within fifteen years from the date hereof * * *." Thus, the structure of the sentence, in and of itself, is most confusing.

█ Turning to the restrictions, it will be noticed that immediately following the word "hereof" the sentence continues without punctuation and sets forth restriction [1]. Inasmuch as the time limitation intervenes between the word "shall" and the word "erect" a possible grammatical construction would be that the time limitation applied only to restriction [1]. In re Welsh, 175 Mass. 68, 55 N.E. 1043, 1044. Nevertheless, all of the parties agree and the trial court concluded, and we think properly so, that the time limitation also applied to restriction [2], even though such restriction was preceded by a comma. This would seem to be in recognition of the fact that on occasion the courts will go beyond the rules of grammatical construction to effectuate the intention of the parties. However, under the same concept, and absent some special circumstance, it would seem that restrictions [3] and [4], which also were preceded simply by commas, would likewise be subject to the time limitation. With respect to this the only words in the entire sentence that even arguably might militate against that construction are the words "at any time" appearing in restrictions [3] and [4] and apparently the trial court on the basis of those words discerned an intention to make those restrictions perpetual. To us that view is not convincing.

█ In the first instance it is a recognized rule of construction that where general words relating to time are preceded by a specific time limitation, the specific provision will control. Gardner v. Maffitt, supra, 74 S.W.2d at 607–608; Edney v. Powers, supra; Ferguson v. Zion Evangelical Lutheran Church of Oklahoma City, 200 Okl. 41, 190 P.2d 1019, 1023. In addition, the position of those words in the sentence as a whole and the punctuation used preceding those words do not in our view indicate any clear intention of the parties thereby to separate the restrictions as to duration. True, that may have been the intention of the original grantors, but what about the original grantees? The mere fact that they accepted the deed containing those restrictions does not mean that they had the same

aversions to the subject matter of those restrictions as did the original grantors. For all that appears they may have given no more significance to those restrictions than to restrictions [1] and [2], which concededly were subject to the time limitation. Consequently a conclusion to the contrary necessarily must be implied and, as noted above, restrictions are not to be extended by implication.

Again reverting to the structure of the sentence, we might also mention that even in cases where some effort was made to separate the restrictions as to duration by a period, by capitalization, or by semicolons, the provisions have been construed contrary to the results reached by the trial court. We cite some of those cases, not particularly as precedent, since each such instrument is unique, but to illustrate the views taken: Bresee v. Dunn, 178 Cal. 96, 172 P. 387, 389; Dick v. Goldberg, 295 Ill. 86, 128 N.E. 723, 725; Best v. Nagle, 182 Mass. 495, 65 N.E. 842, 843; Armstrong v. Griffin, 83 N.J.Eq. 599, 91 A. 1016, 1017, affirmed 84 N.J.Eq. 196, 93 A. 1084. For contrary results see Cruciano v. Ceccarone, 36 Del.Ch. 485, 133 A.2d 911, 913; and Batman v. Creighton, Fla.App., 101 So.2d 587, 593, certiorari denied Fla., 106 So.2d 199.

In any event, from what has been said it is quite apparent that the elongated sentence containing the restrictions was inartfully drawn and under any view must be regarded as being permeated with ambiguity that leaves its meaning as to duration substantially in doubt. Consequently, in accordance with the supplemental rule above mentioned, such doubt must be resolved against the defendants, and we hold that the trial court erred in concluding that restrictions [3] and [4] were not subject to the time limitation of 15 years which, of course, means all of the restrictions have long since become inoperative.

Furthermore, so far as the defendants are concerned, there is no inequity in depriving them of the claimed right of forfeiture for a condition broken. The agreed statement of facts does not show that they are the owners of property which might be affected by freeing the property of the restrictive uses.

The judgment is reversed and the cause remanded to the trial court with direction to enter judgment for the plaintiffs consistent with this opinion.

Judgment reversed.

PARKER, Justice (dissenting).

I would affirm the judgment of the trial court.