Harvey F. **WILLIAMS**, Defendant
Below, Appellant,

v.

**BROOKSIDE COMMUNITY INC.**, a Dela-
ware corporation, Plaintiff Below,
Appellee.

Supreme Court of Delaware.

May 30, 1973.

Thomas Herlihy, Jr., Wilmington, for
defendant below, appellant.

Karl J. Parrish, Wilmington, for plain-
tiff below, appellee.

CAREY and HERRMANN, JJ., and
CHRISTIE, Judge, sitting.

PER CURIAM:

Defendant-appellant Harvey F. Williams
(hereinafter "Williams") appeals from an
order in the Court of Chancery, 290 A.2d
678, granting an injunction in favor of
plaintiff-appellant Brookside Community,
Inc. (hereinafter "Brookside") which re-
quires Williams to remove a fence he had
constructed on his property in violation of
a restrictive covenant in his deed.

Brookside is a Delaware corporation to
develop and administer the community of
Brookside, which consists of 1345 homes
and approximately 8500 people. One of the
deed covenants common to all of the
Brookside properties prohibits the construc-
tion or erection of any kind of fence
from the front building line to or along the
front lot line. With knowledge of this
covenant, Williams erected a combination
wood, iron, and metal fence enclosing his
front yard.

Brookside is a civic association and one of
its committees, the Deed Restriction Com-
mittee, regularly inspects the community
properties to enforce deed covenants. Upon
Brookside's request, Williams refused to
remove the fence and this action fol-
lowed.

Williams admits that he has fenced his
property, but argues that the covenant is
unenforceable because (1) his fence does
not violate the covenant, and (2) Brook-
side has waived its right to enforce the
covenants by its acquiescence as to other
violations.

The Chancellor ruled that the covenant
was valid and enforceable and that Wil-
liams was in violation of the covenant.
The Chancellor also ruled that Brookside
did not waive its right to enforce the
covenant by acquiescing to other alleged
"violations," which consisted of ornamental
bushes, flower bed "dividers," and patio
dividers, none of which enclosed or fenced

the front yard of any of the lots on which they were located.

The Chancellor's ruling is a factual one based on the testimony presented before him and his personal view of the Brookside community. The question on this appeal is whether there is adequate evidence to support the Chancellor's ruling. It is settled law that this Court may review the facts as found by the Chancellor, but may not reverse if the findings are supported by the evidence and are the product of an orderly deductive process on the part of the Chancellor, even though we, in that instance, might have independently ruled otherwise. Colt Lanes of Dover, Inc. v. Brunswick Corporation, Del. 281 A. 2d 596 (1971); Application of Delaware Racing Association, Del., 213 A.2d 203, 207 (1965); Nardo v. Nardo, Del., 209 A.2d 905, 911 (1965). The record here presents no conflicting evidence sufficient to war rant reversal of the Chancellor's order.

The judgment below is accordingly af firmed.