23787

John G. HARVEY, Candace O. Harvey, Cora Lee Stanley, Francis H. Douglas, and Mary C. Douglas, Respondents v. MARSH HAWK PLANTATION, a South Carolina limited partnership, and Max F. Jones, the general partner of said limited partnership, Petitioners.

(426 S.E. (2d) 792)

Supreme Court

*Desa A. Ballard,* of *Ness, Motley, Loadholt, Richardson and Poole, P.A.,* Barnwell, *for petitioners.*

*Thomas C. Davis,* of *Harvey and Battey,* Beaufort, *for respondents.*

Heard Dec. 8, 1992.

Decided Feb. 1, 1993.

MOORE, Justice:

This case is before us on a writ of certiorari to review the Court of Appeals' decision reported at —, S.C. —, 414 S.E. (2d) 588 (1992). We reverse.

## FACTS

Petitioner (Marsh Hawk) is the successor developer of a tract of land in Beaufort County developed with the stated purpose of having minimum impact on the natural environment. Respondents (Homeowners) commenced this declaratory judgment action to construe a restrictive covenant on their lots recorded by the original developer (Lowcountry).

The restrictive covenant in question is found in ¶ 15 of the "Declaration of Restrictive Covenants." It provides:

> 15. *No healthy or diseased trees* above five (5") inches in diameter at a height of three (3') feet above the ground *will be cut* or damaged at any time on any lot nor shall there be major pruning or trimming or other action taken to alter the natural appearance of said trees *without written approval of the General Partners of Lowcountry Environments.* This restriction does not apply to that portion of any lot on which an approved structure is to be placed. All construction sites must have prior written approval of the General Partners of Lowcountry Environments.

Homeowners claim this covenant does not permit Marsh Hawk's proposed tree-cutting. Marsh Hawk, on the other hand, contends that as Lowcountry's successor it can cut trees at its discretion since the covenant trees reserves the right to grant approval for tree-cutting.

The master-in-equity found ¶ 15 did not allow Marsh Hawk to cut trees at its discretion because such an interpretation of ¶ 15 would be "unthinkable and unconscionable." The Court of Appeals affirmed, adding that "to interpret ¶ 15 as espoused by Marsh Hawk would be akin to allowing the fox to guard the henhouse."

## ISSUE

Whether the restrictive covenant permits the proposed tree-cutting?

## DISCUSSION

An unambiguous covenant will be enforced according to its obvious meaning. *Donald E. Baltz, Inc. v. R.V. Chandler & Co.*, 248 S.C. 484, 151 S.E. (2d) 441 (1966).

Paragraph 15 clearly provides that Lowcountry, now Marsh Hawk, has the discretion to allow tree-cutting on any lot. Moreover, at oral argument before this Court, counsel for Marsh Hawk represented its intent to use good forest management techniques for selective tree-cutting and that no clear-cutting would take place. Marsh Hawk's intent is therefore consistent with the general goal to preserve the natural environment insofar as possible. Under these circumstances, we find ¶ 15 allows the proposed tree-cutting.

Reversed.

HARWELL, C.J., and CHANDLER, FINNEY and TOAL, J.J., concur.